Argued and submitted August 20, 2004, reversed September 28, 2005

STATE OF OREGON,
*Respondent,*

*v.*

JABARI A. McCRORY,
*Appellant.*

79982; A119950

120 P3d 495

Garrett A. Richardson argued the cause and filed the brief for appellant.

Carolyn Alexander, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant appeals from three misdemeanor convictions, assigning error to the trial court's denial of his motion to dismiss based on his statutory right to a speedy trial. ORS 135.747. We review for errors of law, *State v. Johnson*, 339 Or 69, 116 P3d 879 (2005), and reverse.

The relevant facts, which are procedural, are as follows. A February 2001 information charged defendant with four misdemeanor counts for crimes which were alleged to have occurred in February 2000. An arrest warrant issued after the information was filed. The arrest warrant was served in August 2001, while defendant was in federal custody.[1] In September 2001, defendant filed his first of four written speedy trial requests. Defendant filed a second written request in January 2002. On February 7, 2002, the state obtained an order from the Yamhill County Circuit Court ordering the United States Marshal to deliver defendant to the custody of the Yamhill County Sheriff.[2] Defendant's third written request for a speedy trial was filed on February 21, 2002, and his fourth on March 7, 2002.

The state obtained a transport order on July 11, 2002, which required the superintendent at the Sheridan Federal Correctional Institute to deliver defendant to the custody of the Yamhill County Sheriff. The superintendent complied with the court's order and delivered defendant to the sheriff. Defendant was arraigned in Yamhill County Circuit Court on July 17, 2002, and a pretrial conference was scheduled for August 8, 2002. Trial was scheduled for September 10, 2002. On September 5, 2002, defendant moved to dismiss the charges based on discovery violations, and the state requested a 30-day continuance on the ground that the complaining witness was in the hospital. Defendant objected to a continuance based on speedy trial grounds. The

---

[1] It is not evident from the record when defendant began his stay in federal custody or why he was in federal custody.

[2] The application for that order was styled an application for a "writ of habeas corpus ad prosequendum." *But see* ORS 34.310 codifying "writ of habeas corpus ad subjiciendum" and further providing that "every other writ of habeas corpus is abolished." The legal basis for the order in the present case is not at issue on appeal.

court denied all motions. However, on September 9, 2002, the day before trial, the state obtained a continuance over defendant's objection because the complaining witness remained in the hospital and her physician would not release the witness to testify. Trial was ultimately held on October 29, 2002.

■ Defendant contends that he was entitled to dismissal without prejudice under ORS 135.747 because the state took almost 20 months, from the time of the information and the issuance of the arrest warrant, to bring the case to trial.

■ ORS 135.747 provides:

> "If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

The statute does not require a showing of harm or prejudice to defendant. *State v. Emery*, 318 Or 460, 470, 869 P2d 859 (1994). The only questions are: (1) whether defendant caused or consented to the delay; and (2) whether the amount of time that the state took to bring the case to trial was reasonable.

At the outset, we look to the extent to which defendant himself caused or consented to the 20-month delay. In this case, defendant did not request or consent to any postponement. To the contrary, defendant, on four separate occasions, requested that the state bring him to trial, and objected vigorously to the state's motion for a continuance. Therefore, none of the 20-month delay is attributable to defendant.

■ Having decided that the state is responsible for the delay, we next must address whether the delay was reasonable. In considering the reasonableness of the delay, we must consider all of the circumstances that led to the delay. *See Johnson*, 339 Or at 88. Several cases over the course of the last decade have addressed this very issue. Most have determined that the delay, ranging from as few as 11-1/2 months to as many as eight years, was unreasonable. *See Johnson*, 339 Or at 89 (unexplained 21-month delay was unreasonable); *Emery*, 318 Or at 470 (nearly two-year delay between time of citation and trial was unreasonable); and *State v.*

*Harman,* 179 Or App 611, 623, 40 P3d 1079 (2002) (unexplained 15-month delay in prosecution of DUII was unreasonable). At first glance, the 20-month delay in bringing defendant to trial exceeds expectations.[3] But, as stated above, we must examine all the circumstances surrounding the delay to determine whether the delay was reasonable.

In this case, the state asserts that the delay was reasonable because "it was not feasible to bring defendant to trial" due to defendant being in federal custody and that "the state had no authority to command the federal authorities to release defendant for trial." The state's arguments are resolved in defendant's favor by the Supreme Court's recent decision in *Johnson.*

In *Johnson,* Clackamas County indicted the defendant for third-degree rape and third-degree sexual abuse in April 1998. Additionally, Washington County indicted the defendant for aggravated murder. The defendant fled Oregon. In early 1999, the defendant was returned to Oregon to face trial on the aggravated murder charge in Washington County. Clackamas County placed a "hold" on the defendant but neither served the defendant with the arrest warrant nor attempted to move forward on the Clackamas County indictment. In November 2000, the defendant learned of the Clackamas County indictment, filed a notice for an early trial and, in response, was served with an arrest warrant. Eventually, the defendant moved to dismiss the Clackamas County indictment based on the 21-month delay from when the defendant returned to Oregon to his arraignment. 339 Or at 72-73. The state argued that there was good cause for the 21-month delay because the defendant was litigating a complex murder case in Washington County and that case was more important. *Id.* at 88-89. The court rejected the state's "Washington County's case was more important" argument

---

[3] The Oregon Judicial Conference adopted the Oregon Standards of Timely Disposition in 1990. While these standards are not binding, they do inform us as to what is considered reasonable in Oregon. The standards recommend that, in the trial court, "90% of all misdemeanors, infractions and other nonfelony cases should be adjudicated or otherwise concluded within 90 days from the date of arraignment, 98% within 180 days and 100% within one year, except for exceptional cases in which continuing review should occur." *Emery,* 318 Or at 471 n 17. This case misses that mark.

because that argument "seems merely to be an attempted usurpation of defendant's right to determine for himself whether he is willing to waive his speedy trial rights * * *." *Id.* at 91.

■ Under the test articulated in *Johnson,* when the state delays a defendant's trial beyond a reasonable time and, nonetheless, urges the denial of the defendant's motion to dismiss under ORS 135.747, it is incumbent on the state to provide a " 'sufficient reason' not to dismiss * * * that has some relevance to, and does not essentially undermine, the overall purpose" of the speedy trial statutes, namely, to ensure that cases do not languish in the criminal system. *Id.* at 90.

Here, the facts that defendant was in federal custody and that the state may not have had authority to compel his release to state custody do not provide sufficient reason for the state's failure to even attempt to transfer defendant into state custody for such a long period of time. The state argues that the time defendant was in federal custody, around 16 months, constituted reasonable delay because "it was not feasible to bring defendant to trial" and "the state had no authority to command the federal authorities to release defendant for trial." At oral argument the state argued that a request under the Uniform Criminal Extradition Act (UCEA), ORS 133.743 to 113.857, was the only method of getting custody of defendant and because the UCEA is wholly discretionary, there was no guarantee that defendant would be delivered to the state. We are not convinced of the state's premise, because it does not appear that the federal government is a signatory of the UCEA. *See* ORS 133.743. The federal government is, on the other hand, a signatory to the Interstate Agreement on Detainers (IAD), *see* ORS 135.775, which contains provisions in Article IV under which a state may obtain temporary custody of a person in federal custody for the purpose of bringing that person to trial. Nonetheless, even assuming for the sake of argument that the state is correct that it might not have succeeded in promptly getting defendant transferred from federal custody into temporary state custody, the fact remains that the state did not even *attempt* to do so until 16 months after it had received defendant's first speedy trial request.

In February 2002, the state sought and obtained an order to have the United States Marshal deliver defendant to the custody of the Yamhill County Sheriff. However, the record reveals no action on the part of the state to act on the order until it sought and obtained a transport order five months later, on July 11, 2002, which ordered the transport of defendant from federal custody to Yamhill County.

In sum, despite defendant's four speedy trial requests, he was forced to wait 16 months for the state to make any definitive attempt to bring him into custody. Five months passed between the time the order for the arrest warrant was signed and the warrant was served, six more months passed before the writ of habeas corpus was issued, and then five more months passed before the state sought and obtained an order to transport defendant. The state argues that, "despite efforts by the state, [defendant] was not returned to the state's jurisdiction until three and one-half months prior to trial." A thorough review of the record revealed no such efforts.

The purpose of ORS 135.747 is to bring a defendant to trial within a reasonable period of time and not let the case languish. That purpose was not accomplished in this case. It took nearly 20 months to bring defendant to trial. Based on the circumstances in this case, defendant is entitled to dismissal because defendant neither caused nor consented to the delay and the state has not shown that the delay was reasonable.

Reversed.