Argued and submitted July 28, 2009, affirmed March 24, petition for review
denied July 8, 2010 (348 Or 523)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ROBERT ALAN LEE,
*Defendant-Appellant.*

Josephine County Circuit Court
051021M; A136846

228 P3d 609

Kenneth A. Kreuscher, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.

Robin Rojas McIntyre, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Erika L. Hadlock, Acting Solicitor General.

Before Rosenblum, Presiding Judge, and Brewer, Chief Judge, and Riggs, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant, who was convicted on two counts of third-degree sexual abuse, ORS 163.415, one count of providing liquor to a minor, ORS 471.410, and one count of endangering the welfare of a minor, ORS 163.575, argues on appeal that the trial court erred in denying his motion to dismiss the charges on the ground that his statutory speedy trial rights were violated. ORS 135.747. As explained below, we conclude that the trial court correctly denied defendant's motion to dismiss. We therefore affirm defendant's convictions.

Defendant was initially charged by information on July 6, 2005, and by an amended information on July 20, 2005. On August 30, 2005, defendant was arraigned, at which point he requested a 30-day setover so that he could retain private counsel, and the court granted him a 21-day setover. On September 21, 2005, defendant appeared without counsel, and told the court that he could not afford retained counsel and that he wanted court-appointed counsel. The court set the case over until October 10, 2005, to give defendant time to apply for court-appointed counsel. On October 10, 2005, defendant failed to appear, and the court indicated that it would issue a warrant for his arrest. On October 20, 2005, defendant appeared and explained that he had been sick. The court recalled the warrant and gave defendant a new date for a status hearing on November 14, 2005. On November 14, the parties informed the court that they estimated that there would be a two-day jury trial. The court set a trial date of May 16, 2006.

On May 10, 2006, the parties appeared at a pretrial docket call. The state indicated that, because it had an out-of-state witness, it would like to have the trial reset if it was scheduled to be a back-up trial, rather than the primary trial, scheduled for May 16. One judge already had a primary trial set for that date, another had been screened from defendant's case, the third had show-cause hearings scheduled for that date, and the fourth had a doctor's appointment. The case was then rescheduled for September 6, 2006.

At the pretrial docket call on August 30, 2006, the state again indicated that, because it had an out-of-state witness, it would like the case to be reset unless it was scheduled

to be the primary trial for September 6, 2006. On September 6, however, one judge had scheduled a priority case with an in-custody defendant, the second remained screened from presiding over defendant's case, the third judge was on vacation, and the fourth judge was scheduled to manage arraignments.

The case was then scheduled for the next available trial date, March 20, 2007. On March 15, 2007, the trial court held a hearing on defendant's motion to dismiss the charges for lack of a speedy trial. The court denied the motion. Trial was held on March 20 and, as noted, defendant was convicted of the charges.

■ On appeal, defendant asserts that the trial court erred in denying his motion to dismiss for lack of a speedy trial. In particular, defendant asserts that the total delay for which the state was responsible was unreasonable in light of the attendant circumstances.

In reviewing the trial court's ruling, we are bound by the trial court's findings if there is evidence in the record to support them. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). Defendant asserts, citing *State v. Garcia/Jackson*, 207 Or App 438, 142 P3d 501 (2006), that this court can—and in this case should—revisit the trial court's calculation of the days of delay on the ground that the trial court's calculations are not supported by evidence in the record. In particular, defendant asserts that the beginning date of calculation should have been July 6, 2005, rather than August 30, 2005—the date used by the trial court—and that the ending date should be March 20, 2007, rather than March 15, 2007. As explained below, *Garcia/Jackson* concerned a situation in which both parties agreed on appeal that the trial court had made a factual error in calculating dates. Here, by contrast, defendant asserted in the trial court that the beginning date of the unreasonable delay was August 30, 2005, the date of his arraignment.

On appeal, defendant now recognizes that delay in bringing someone to trial may be measured from the date of indictment, not arraignment. *See, e.g.*, *State v. Johnson*, 339 Or 69, 91-93, 116 P3d 879 (2005) (measuring speedy trial

from date of charging). However, because defendant suggested that the arraignment date was the appropriate date from which to measure whether the delay was unreasonable, any error that the trial court made in using that date in its calculations was error invited by the defendant. We therefore do not consider defendant's arguments, made in the first instance on appeal, that the trial court should have used a date different than the date defendant asserted in the trial court.[1] Similarly, defendant argues on appeal that, in recalculating the number of days of delay, this court should factor in five additional days, from the day the trial court denied his motion to dismiss for lack of a speedy trial until the day of the trial. Because defendant did not renew his motion to dismiss on the date of trial in order to assert that those days should be included, his argument lacks merit. He asserts, in essence, that in ruling on a motion to dismiss, the trial court *sua sponte* should have anticipated "delay" that had not yet occurred. In sum, defendant challenged the delay in bringing him to trial between August 30, 2005 and March 15, 2007. Thus, the issue before us on appeal is whether the trial court correctly concluded that the delay that occurred between those dates was reasonable.

ORS 135.747 provides that, "[i]f a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

ORS 135.750 provides:

"If the defendant is not proceeded against or tried, as provided in ORS 135.745 and 135.747, and sufficient reason therefor is shown, the court may order the action to be continued and in the meantime may release the defendant from custody as provided in ORS 135.230 to 135.290, for the

---

[1] We note that it is particularly critical for defendants to preserve claims of error in this type of situation, in which the court must evaluate the reasons for each individual period of delay, as well as the total delay. If the court and the state are not on notice that a particular period of time is being challenged as unreasonable delay, the record concerning the period of time in question is unlikely to be sufficiently developed for this court to determine in the first instance on appeal whether the delay was reasonable.

appearance of the defendant to answer the charge or action."

We reiterated the pertinent test for determining whether statutory speedy trial rights had been violated in *Garcia/Jackson*, 207 Or App at 443-44:

"ORS 135.747 and ORS 135.750, when read together, establish the following process for considering a motion to dismiss based on statutory speedy trial grounds. *Johnson*, 339 Or at 87-91; *[State v.] Davids*, 339 Or [96,] 101, [116 P3d 894 (2005)]. First, under ORS 135.747, the court must determine the total amount of delay and subtract from that total any periods of delay that the defendant requested or consented to. *Id.* Then, if the state has taken longer than ordinarily expected to bring the defendant to trial, and again applying ORS 135.747, the court must determine if the length of the remaining delay was unreasonable by examining 'all the attendant circumstances.' *Johnson*, 339 Or at 88. The attendant circumstances include '[c]ircumstances that cause delay (that is, the reasons for delay),' and an assessment of those circumstances generally will drive the determination of whether the delay was reasonable. *Id.* Finally, even if the court has determined that the delay was unreasonable, under ORS 135.750, the court may still allow the case to proceed, but only if the state shows sufficient reason not to dismiss the accusatory instrument. *Id.* at 81 n 9, 90."

Thus, we first examine the total delay and deduct from the total "any periods of delay that the defendant requested or consented to." As noted, defendant argued in the trial court that the speedy trial clock began to run on August 30, 2005, when he was arraigned. At the arraignment, he requested and was granted three weeks to retain counsel. The parties agree that that delay is not attributable to the state. At the next hearing, on September 21, defendant explained that he had discovered that he could not afford private counsel, and so requested court-appointed counsel. The court explained to defendant how to apply for court-appointed counsel and scheduled another status conference for October 10. Defendant did not appear on October 10, and the court indicated that it would issue a warrant for his

arrest. On October 20, defendant appeared for a status conference, explained that he had been sick and unable to contact his court-appointed attorney, and sought a new trial date. Defendant agrees that the delay between October 10 and October 20 is delay to which he consented. The court recalled the bench warrant for defendant's arrest and rescheduled the status conference for November 14. Defendant asserts that the delay between October 20 and November 14 is attributable to the state; the state argues that, because defendant was not ready to proceed on October 20, the delay between that date and November 14 should be attributed to him. We agree with the state. Although defendant offered an excuse why he had been out of touch with his attorney—that he had been sick—the fact that he had an excuse for causing the delay does not mean that the delay is attributable to the state. The parties agree that the delay between November 14 and March 14, 2007—the scheduled docket call for the ultimate trial date—is attributable to the state. Thus, the state was responsible for approximately 528 days of delay in bringing defendant to trial.

■        In sum, the state was responsible for an approximate 17 1/2 month delay in bringing defendant to trial on these charges. We next examine the attendant circumstances of the delay, because "an assessment of those circumstances generally will drive the determination of whether the delay was reasonable." *Garcia/Jackson*, 207 Or App at 444.

■        In this case, there was nothing extraordinary about the length of time from between defendant's arraignment on August 30, 2005, and the originally scheduled trial date of May 16, 2006, in light of defendant's delay in obtaining an attorney and his subsequent failure to appear. We conclude that that delay was reasonable. The next question is whether the delay from May 16, the original trial date, and September 6, the next trial date, was reasonable. We conclude that it was. At the May 10 docket call, this case could not be scheduled as the primary trial before any judge on May 16 because one judge was screened from the case, one had show-cause hearings scheduled, a third had a doctor's appointment, and a fourth already had a primary trial scheduled. It is true that the case could have been scheduled as a back-up trial in case the fourth judge's primary trial did not go forward, but as

noted, the state preferred not to cause inconvenience to the out-of-state child witness by requiring her to travel to Oregon when the probability that the case could actually be tried on that date was so uncertain.[2] Given the evidence in the record about the availability of judges, we conclude that the delay from May 16 through September 6, 2006, the next scheduled trial date, was reasonable.

■ Essentially the same set of circumstances surrounded the second postponement of the trial. At the docket call on August 30, it was determined that, on September 6, one judge would be conducting arraignments, one remained screened from trying defendant's case, another was on vacation, and the only one available to conduct trials already had scheduled a case in which a defendant was in custody. Again, given that the state did not want to inconvenience the out-of-state child witness by bringing her into the state for a trial that seemed very uncertain to be able to go forward, that delay also was reasonable.[3]

The court's docketing clerk testified that, after it was determined that the case could not be tried on September 6, she determined the next available date for a two-day trial, consulting both the judges' and the attorneys' schedules. The next available date was March 20, 2007, approximately six months later.

■■ In this case, the reasons for each portion of the delay are well-established in the record. Moreover, as explained above, each portion of the delay, by itself, was reasonable. The question, then, is whether the overall delay was nonetheless unreasonable, despite the justifications for each portion of it. "Even when all of the delays in a case are individually

---

[2] At oral argument, defendant asserted that ORS 44.545 supports his position. That statute requires courts to expedite cases in which a child is the victim of a crime and is to be called to give testimony and, in deciding whether to grant a continuance, "the judge shall take into consideration the age of the child and the potential adverse impact the delay may have on the well-being of the child." Given that that statute quite obviously was intended by the legislature to address the convenience and well-being of child victims, we conclude that the legislature would not have intended courts to use it as a basis for dismissing charges against those accused of perpetrating crimes against child victims.

[3] Testimony in the record from the court's docketing clerk established that the trial would not, in fact, have gone forward on September 6, because the primary case scheduled for that date went to trial.

justifiable, there comes a point at which the total length of the delay attributable to the state outweighs the reasons for it." *State v. Myers*, 225 Or App 666, 676, 202 P3d 238, *rev den*, 346 Or 184 (2009). In this case, like many others, the delay was attributable to a lack of judicial resources. In *State v. Adams*, 339 Or 104, 111-12, 116 P3d 898 (2005), the court stated:

> "However, the fact of an overcrowded docket can only go so far in expanding the period of time that will be considered 'reasonable' for purposes of ORS 135.747. At some point, the focus must shift away from whether the various postponement requests and decisions *individually* are justifiable to whether the overall period of time to bring the defendant to trial is 'reasonable' *in toto*.

> "We think that the time period at issue here—23 months, excluding the delay that defendant himself caused—goes beyond the reasonable limit. Although it is difficult to identify the point at which delay becomes unacceptable, we think that a delay that roughly equals the statute of limitations for the crime at issue is too long. Although statutes of limitation clearly serve a different purpose than the speedy trial statutes, they nevertheless provide some indication of what the legislature views as the outer limit of reasonableness for proceeding against a defendant for a given crime."

(Emphasis in original; footnotes omitted.)

In this case, defendant argues that the counts of providing liquor to a minor, ORS 471.410, and endangering the welfare of a minor, ORS 163.575, have two-year statutes of limitation and that the delay "roughly equals" those statutes of limitation. We disagree with defendant's basic premise. Aside from the fact that less than 18 months does not "roughly equal" 24 months, we believe that the relevant statute of limitations here is that for the more serious of the charges against defendant. Third-degree sexual abuse, ORS 163.415, has a limitation of four years, not two years. ORS 131.125. A delay of 17 1/2 months does not begin to approach the statute of limitations on the more serious charges.

It is true that the delay in this case was a significant one. Under the *Oregon Standards of Timely Disposition*,

adopted by the Oregon Judicial Conference in 1990 and reapproved in 1999, the time from arraignment to trial should be no greater than one year for misdemeanor cases. Nonetheless, in light of the reasons for the delay, as established by the record in this case, the trial court correctly concluded that the delay in this case was not unreasonable for purposes of ORS 137.747.[4]

Affirmed.

---

[4] We note that this case stands in contrast to *State v. Spicer*, 222 Or App 215, 193 P3d 62 (2008), in which we held that a 17-month delay in bringing a defendant to trial in Josephine County was not reasonable. There, in contrast to the present case, the state did "not argue that any portion of the [delay] was justified on the ground that court docket congestion made it unavoidable." *Id.* at 220 n 2.