Argued and submitted August 28, 2009, reversed and remanded May 19, petition for review denied, October 7, 2010 (349 Or 171)

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

PHILLIP GEORGE DOAK, SR.,
*Defendant-Respondent.*

Deschutes County Circuit Court
MI060441; A137375

231 P3d 1181

Denis M. Vannier, Assistant Attorney General, argued the cause for appellant. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Sally L. Avera, Senior Assistant Attorney General.

Bronson James, Chief Deputy Public Defender, argued the cause for respondent. On the brief were Peter Gartlan, Chief Defender, and Brandon G. Williams, Deputy Public Defender, Appellate Division, Office of Public Defense Services.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

The state appeals the trial court's dismissal of several charges against defendant on statutory speedy trial grounds. On review for errors of law, *State v. Dixon*, 224 Or App 66, 68, 97 P3d 1106 (2008), *rev den*, 346 Or 10 (2009), we agree with the state that the dismissal was erroneous and therefore reverse and remand.

The relevant facts are undisputed. This case arose out of a traffic stop on July 8, 2005. A police officer arrested defendant for driving while under the influence of intoxicants (DUII) and took him to the police station for further investigation. After submitting to a breath test and providing a urine sample, defendant was cited for DUII and released. The citation noted that he was required to appear in court on July 28, 2005. When defendant appeared on that date, no criminal charges had been filed. Defendant began frequently calling the prosecutor's office to check on the status of the case.

The state filed an information on February 23, 2006, charging defendant with three misdemeanors: DUII, reckless driving, and tampering with physical evidence. He was arraigned and appointed counsel on March 8. On April 12, defendant appeared in court to enter his plea, but requested a setover to attempt a plea agreement. On April 14, defendant pleaded no contest to the DUII charge and entered diversion. He pleaded not guilty to the two other charges, and the court scheduled his trial for August 2, with a call date of July 31.

On July 31, both parties were ready for trial. Defendant told the court that a plea agreement was still possible, however, and the court continued call until the next day. On August 1, defendant reported that the parties had been unable to reach an agreement and that the state planned to add an additional charge of unlawful possession of a weapon. Defendant requested additional time to prepare for trial on that charge. The court reset the trial date to December 12. On August 2, the state filed an amended information that included the new charge.

At a status conference on September 20, 2006, the state requested an earlier trial date to accommodate the vacation schedule of a key witness. The court responded that, given the court's backlog, an earlier trial date was not possible. The court asked defendant whether a later trial date would be acceptable. Defendant's counsel replied, "That's fine with us." The court stated, "Now, if there's any compelling reason to try to get it on, you know, I'll do my best to get it in." Defendant's counsel responded, "I don't think the defendant's going to be prejudiced in any way if it's later." With defendant's counsel's agreement, the court reset the trial for February 21, 2007.

A hydraulic fluid leak caused a two-week closure of the courthouse in February 2007. The parties appeared for call on February 20, 2007, and defendant was arraigned on the unlawful possession of a weapon charge. The court stated that it needed to reschedule the trial, due to the backlog of cases caused by the courthouse closure. The court asked the parties if a trial date of July 17, 2007, would work. Defendant's counsel replied, "That'll work for me."

On June 22, 2007, defendant moved to dismiss the charges of reckless driving, tampering with physical evidence, and unlawful possession of a weapon on constitutional and statutory speedy trial grounds. The court determined that the entire delay from the filing of the information on February 23, 2006, to the motion to dismiss on June 22, 2007, was attributable to the state, and that that delay was unreasonable under ORS 135.747. Accordingly, the court dismissed the charges. Because the court granted relief on the statutory ground, it did not address defendant's constitutional arguments.

■    On appeal, the state challenges the trial court's calculation of the relevant delay. According to the state, the court erroneously attributed two periods of delay to the state. First, the state contends that the delay between August 2 and December 12, 2006, is attributable to defendant, because he asked for a new trial date before the state had filed the new charge. Second, the state contends that the colloquy with the court on September 20, 2006, demonstrates that defendant consented to the delay occasioned by the state's request

for a new trial date. Once those consented-to delays are deducted from the total delay, the state asserts, the relevant delay for speedy trial purposes is approximately seven and one-half months, which, in the state's view, is a reasonable time for resolving misdemeanor charges.

Defendant responds that the trial court correctly attributed to the state approximately 15 1/2 months of delay and, thus, did not err in dismissing the case. According to defendant, this court is bound by the trial court's finding that defendant did not consent to most of the delay, because the record supports that finding. Defendant asserts that the approximately 15-month delay was not reasonable. As we have noted, the trial court resolved the case on defendant's statutory speedy trial claim. On appeal, defendant does not renew his constitutional argument as an alternative ground for affirmance.

■　　ORS 135.747 provides:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

In calculating the length of the delay under that statute, we first determine the length of time from the date the defendant was charged until the motion to dismiss was filed, and subtract from that period any delays either consented to or requested by the defendant. *State v. Bayer*, 229 Or App 267, 277-78, 211 P3d 327, *rev den*, 347 Or 446 (2009). If the remaining period of time exceeds expectations for bringing an accused person to trial on the particular type of charge, the court must determine whether the delay was nevertheless reasonable given the attendant circumstances. *Id.* at 278.

In considering whether a delay exceeds expectations for bringing a defendant to trial, we have relied on the aspirational standards adopted by the Oregon Judicial Conference of 1990. *See, e.g., State v. Myers*, 225 Or App 666, 678, 202 P3d 238, *rev den*, 346 Or 184 (2009); *State v. Garcia / Jackson*, 207 Or App 438, 446 n 7, 142 P3d 501 (2006); *State v. Brunoe*,

204 Or App 749, 756, 131 P3d 743, *rev den*, 341 Or 245 (2006); *State v. McCrory*, 201 Or App 663, 667 n 3, 120 P3d 495 (2005). Those standards provide that "90% of all * * * non-felony cases should be adjudicated or otherwise concluded within 90 days from the date of arraignment, 98% within 180 days and 100% within one year." *State v. Emery*, 318 Or 460, 471 n 17, 869 P2d 859 (1994).

■ A delay that exceeds expectations may nonetheless be reasonable. *Garcia / Jackson*, 207 Or App at 444. In deciding the reasonableness of a delay, we consider the "attendant circumstances," including the reasons for the delay. *State v. Johnson*, 339 Or 69, 88, 116 P3d 879 (2005). We review the trial court's determination of reasonableness as a matter of law. *Id.* at 86-87.

The length of time from when defendant was charged until his motion to dismiss was approximately 15 months. Defendant concedes that his requests for setovers caused 17 days of delay, from April 12 to 28, 2006, and from July 31 to August 1, 2006. The state argues on appeal that defendant consented to other periods of delay, as well.

■ ■ We begin with whether defendant consented to a delay on September 20, 2006, when he agreed to postpone the trial from December 12, 2006 to February 21, 2007. Whether a defendant's assent to a continuance constitutes "consent" for the purposes of ORS 135.747 depends on the circumstances and context of the assent. *State v. Cunningham*, 232 Or App 135, 141, 221 P3d 165 (2009); *Brunoe*, 204 Or App at 754-55. We are bound by the trial court's findings of historical fact concerning the length of and reasons for the delay, if there is evidence in the record to support them. *State v. Johnson*, 342 Or 596, 608, 157 P3d 198 (2007), *cert den*, 552 US 1113 (2008). However, we decide the question whether those facts amount to consent to a particular delay for purposes of ORS 135.747 as a matter of law. *See, e.g., Brunoe*, 204 Or App at 754-55. We readily conclude that defendant consented to the delay from December 12, 2006 to February 21, 2007.

Before resetting the trial date, the court specifically asked defendant if a later trial date would be acceptable, and defendant's counsel responded affirmatively. The court noted

that it would try to accommodate an earlier date if there was a compelling reason to do so. Defendant's counsel again responded that a later trial date would be acceptable and that defendant would not be "prejudiced in any way" by a later trial date. We conclude that defendant's counsel's comment that defendant would not be prejudiced by a further postponement waived any objection to the postponement, and that he must therefore be deemed to have consented to the delay from December 12, 2006 to February 21, 2007.

■     We need not address the state's other contention about a period of delay that is attributable to defendant because the remaining delay of approximately 13 months does not violate defendant's statutory speedy trial rights. Although that time exceeds by one month the aspirational standards for resolving misdemeanors, we conclude that it was nonetheless reasonable. *See Dixon*, 224 Or App at 75-76 (14-month delay on misdemeanor offenses held reasonable). The state offered reasonable justification for each period of delay, and, considering the attendant circumstances, the total delay was not so excessive as to require that we shift our focus from the reasons for particular postponements to the period of delay *in toto*. *See State v. Lee*, 234 Or App 383, 391-92, 228 P3d 609 (2010) (17 1/2-month delay on misdemeanor offenses not unreasonable). We conclude, therefore, that the trial court erred in dismissing the charges on statutory speedy trial grounds.

Reversed and remanded.