Argued and submitted September 27, 2012, affirmed July 24, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DARREN CURTIS CUPP,
*Defendant-Appellant.*

Douglas County Circuit Court
07CR0593MI; A146013

307 P3d 531

Meredith Allen, Senior Deputy Public Defender, argued the cause for appellant. On the brief were Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services.

Andrew M. Lavin, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Wollheim, Presiding Judge, and Nakamoto, Judge, and Edmonds, Senior Judge.

NAKAMOTO, J.

**NAKAMOTO, J.**

Defendant was convicted of one count of driving under the influence of intoxicants (DUII), ORS 813.010, a misdemeanor. On appeal, defendant assigns error to the trial court's denial of his motion to dismiss for lack of a speedy trial. Defendant argues that the state failed to bring defendant to trial within a "reasonable period of time" as required by ORS 135.747. For the following reasons, we affirm.

We are bound by the trial court's findings of fact so long as there is evidence in the record to support those findings. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). We review the trial court's determination of the reasonableness of the delay in bringing a defendant to trial for legal error. *State v. Doak*, 235 Or App 351, 356, 231 P3d 1181, *rev den*, 349 Or 171 (2010). *See State v. Johnson*, 339 Or 69, 86-87, 116 P3d 879 (2005) (rejecting the application of the abuse of discretion standard in reviewing the trial court's reasonableness determination under ORS 135.747).

The relevant historical and procedural facts are as follows. On March 17, 2007, Deputy Dodds stopped defendant for speeding and observed a variety of signs that defendant was intoxicated. Based on defendant's driving and mannerisms, Dodds believed that he had probable cause to arrest defendant, and he issued defendant a citation for one count of DUII. In the process of taking defendant into custody, Dodds asked defendant to get out of his car, and defendant refused. Dodds, consequently, had to grab defendant's arm to remove him from the car, at which point defendant "squared off" as if to fight, prompting Dodds to use pepper spray on defendant. After defendant was arrested, he submitted to a breath test, and the test disclosed that defendant's blood alcohol content (BAC) was 0.24 percent.

On March 28, 2007, defendant's citation was entered into the Oregon Judicial Information Network (OJIN). Defendant was arraigned on June 4, 2007. Defendant pleaded not guilty, and the court set the trial date for August 2. Shortly thereafter, on June 25, defendant filed a motion to suppress evidence of his breath test. On July 23, the parties appeared at the time set for a hearing on defendant's motion to suppress.

The trial court did not rule on defendant's motion to suppress and, instead, allowed the disposition of this case to "trail" the disposition of his unrelated, then-pending felony case.

Almost two years later, on May 21, 2009, defendant's felony case was resolved. The court held a status check hearing on June 15 and, at that hearing, set a trial date of November 3, 2009, for defendant's DUII charge. The trial court also scheduled a hearing on defendant's motion to suppress, originally filed in 2007, for October 26, 2009. At the October 26 hearing, defendant presented evidence on his motion. During argument, the state relied on a case that was not mentioned in its brief in response to defendant's motion. Defendant then requested additional time to file supplemental briefing to respond to the state's additional authority and to raise an additional issue in support of his motion to suppress, which the court granted. Because the trial date was set for the next week, on November 3, defendant also requested that the trial date be continued for a week. The court allowed defendant to submit his supplemental briefing by November 9 and the state to submit its response by November 23. The court also set over the trial date from November 3, 2009, to February 9, 2010, because defendant's supplemental motion to suppress would require an additional evidentiary hearing. Defendant filed his supplemental briefing on November 3, and the court granted defendant's motion to suppress on December 16, 2009.

For some reason, the February 9, 2010, trial date was not entered in OJIN. On February 10, however, the court scheduled a status check hearing for March 15. On March 8, a week before the status check hearing, the state filed a motion to reconsider the court's ruling on defendant's motion to suppress based on a newly issued Supreme Court decision reversing a case on which the trial court had based its ruling. The next day, on March 9, the court set over the March 15 status check hearing to April 19 and scheduled a hearing on the state's motion to reconsider for April 12. At the April 12 hearing, the court denied the state's motion to reconsider. On April 19, at the status check hearing, the court set the trial date for May 27, 2010.

On May 4, defendant filed a motion to dismiss for lack of a speedy trial. In his motion, defendant argued that the case was subject to dismissal for lack of a speedy trial under Article I, section 10, of the Oregon Constitution and under the speedy trial statute, ORS 135.747. Specifically, defendant argued that the state had failed to bring him to trial within a reasonable time because the misdemeanor charge had been pending for 38 months.

On May 12, the court held a hearing on defendant's motion to dismiss. At the hearing, defendant acknowledged that 22 months of the total amount of delay was due to his agreement to continue the case until after the disposition of his unrelated, then-pending felony case. Defendant asserted, however, that the remaining 16 months of delay had to be attributed to the state and that that delay was unreasonable. Before ruling on defendant's motion, the court expressed some concern that defendant's motion did not indicate that the 22-month period of delay was attributed to defendant instead of the state. Ultimately, on May 14, the court denied defendant's motion to dismiss. Afterward, the judge recused himself and another judge was assigned to the case.

On May 19, defendant filed a second motion to dismiss for lack of a speedy trial. In his resubmitted motion, defendant explained:

> "Announcing the Court's discussion from the Bench, the Court both emphasized and expressed displeasure that Defendant Cupp's initial Motion did not specifically reference the embedded delay occasioned by trailing the Felony case in the Misdemeanor case. The position of Defendant after deducting the amount of time/months attributable to set over at the request of Defendant * * * [is that] the case is still subject to a Speedy Trial dismissal on both statutory and constitutional law."

On May 27, 2010, the day of trial, the court heard from the parties on defendant's second motion to dismiss or, in the alternative, motion to reconsider. From the bench, the court explained that it would rule on defendant's motion to dismiss to the extent necessary to amplify or clarify the court's previous ruling, by another judge, 15 days earlier:

"And to the extent it's necessary to amplify or adopt those findings or make those findings myself I do make those and find that the reason for denying the motion on statutory speedy grounds. And twenty-two months, it's clear that that was contended to and that's of record and, in fact, it was of record when Judge Poole was making his decision as well. I think he went to some length to really talk to counsel about that.

"From 3/28/2007 to 7/23/2007, attributable to the State three months, twenty-five days, or a hundred seventeen days. From July 23rd, 2007, to June 15th, 2009, attributable to the Defendant, one month—one year, ten months, twenty-three days or six hundred and ninety-three days.

"June 15th, 2009, to October 26th, 2009, attributable to the State, four months, eleven days, or a hundred and thirty-three days.

"October 26th, 2009, to February 9th, 2010, attributable to the Defendant, three months, fourteen days, or a hundred and six days.

"And you have February 9th, 2010, to March 15th, 2010, attributable to the State, one month, six days or thirty-four days.

"And then you have March 15th, 2010, to April 19th, 2010, attributable to Defendant, one month, four days, thirty-five days.

"And then you have April 19th, 2010, to [May] 27th, 2010, attributable to the State. And that's one month, eight days, thirty-eight days."

The court concluded that the total time of delay attributed to the state was not unreasonable and denied defendant's motion to dismiss. On the same day, defendant was tried before a jury and found guilty of DUII.

On appeal, defendant argues that the state failed to bring him to trial within a reasonable period of time as required by ORS 135.747. That statute provides:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

ORS 135.747. The purpose of the speedy trial statute is to "provide[] a method for dismissing cases that are languishing in the criminal justice system without affecting the state's ability to reprosecute serious charges." *State v. Emery*, 318 Or 460, 467, 869 P2d 859 (1994).

When we review a trial court's decision on a motion to dismiss like this one, we apply a two-step analysis. First, we are to "determine the relevant amount of delay by subtracting from the total delay any periods of delay that [the] defendant requested or consented to." *State v. Glushko/Little*, 351 Or 297, 305, 266 P3d 50 (2011). Second, we determine whether the delay attributed to the state is reasonable by examining "'all the attendant circumstances' of the delay." *Id.* at 315-16 (quoting *State v. Johnson*, 339 Or 69, 88, 116 P3d 879 (2005)). "Attendant circumstances" include "the circumstances that cause[d] the delay." *Johnson*, 339 Or at 88. Because the parties do not dispute the relevant amount of state-attributed delay, the only issue on appeal is whether that delay was reasonable.

The parties agree that the proper allocation of the state-attributed cumulative delay in this case is 333 days, which is approximately 11 months.[1] In determining whether the state-attributed delay is reasonable, the preliminary inquiry is whether the state-attributed delay was longer than what ordinarily would be expected. *State v. Garcia/Jackson*, 207 Or App 438, 444, 142 P3d 501 (2006); *State v. Peterson*, 252 Or App 424, 429, 287 P3d 1243 (2012) (concluding that 19 months of delay exceeded expectations for bringing a case of that type to trial before it examined whether the delay was reasonable); *State v. Coburn*, 254 Or App 36, 42, 292 P3d 640 (2012) (concluding that a delay of 18.5 months is longer than would ordinarily be expected to bring a defendant to trial on felony charges before it determined whether the delay was reasonable). The benchmark for whether delay is longer than can be expected "can be

---

[1] In his opening brief, defendant argued that the state was responsible for 368 days of delay, and, in response, the state argued that it was responsible for only 333 days of delay. The dispute centered on 35 days of delay from March 15 to April 19, 2010. However, in his second memorandum of additional authorities, and at oral argument, defendant conceded that "the cumulative period of state-attributed delay is about 11 months (333 days)."

shown by evidence of practice or custom, as well as by judicial policies or rules, including the *Standards of Timely Disposition* adopted by the Oregon Judicial Department in 1990."[2] *State v. Davis*, 236 Or App 99, 109, 237 P3d 835 (2010) (emphasis in original).

Defendant primarily relies on the Standards of Timely Disposition in support of his argument that the state-attributed delay was longer than what ordinarily would be expected in a DUII misdemeanor case. Under those standards, "90% of all misdemeanors, infractions and other nonfelony cases should be adjudicated * * * within 90 days from the date of arraignment, 98% within 180 days and *100% within one year*, except for exceptional cases in which continuing review should occur." *State v. Ton*, 237 Or App 447, 452, 241 P3d 309 (2010) (citation and internal quotation marks omitted; emphasis added; omission in original). In response, the state argues that, because the state-attributed delay was one month less than the one-year benchmark, the delay was not longer than what ordinarily would be expected. *See Davis*, 236 Or App at 109 ("[T]he courts have often treated one year as a benchmark of sorts in misdemeanor cases in determining reasonableness of a delay under ORS 135.747." (Internal quotation marks omitted; brackets in original.)).

We conclude that the relevant delay of approximately 11 months exceeds expectations for bringing a one-count misdemeanor case that was not complex (for example, Dodds was the only witness) to trial. Even though the state-attributed delay of approximately 11 months was less than the one-year benchmark under the Standards for Timely Disposition, those standards "do not in any way define the scope of a speedy trial under the statute or the constitution," but instead are "informative in determining the length of time that is 'reasonable' in which to bring a case to trial." *Emery*, 318 Or at 471 n 17. We have previously held that a delay of less than one year can exceed expectations for bringing a defendant to trial for a misdemeanor. *See Ton*, 237 Or App at 452 (noting that, although "the 11.5-month

---

[2] The Standards of Timely Disposition adopted by the Oregon Judicial Department in 1990 were reapproved on April 7, 1999.

delay technically does not exceed the outer limits of acceptability under the above standards, those standards strongly indicate that only a small minority of misdemeanor cases—two percent—should take longer than six months"); *State v. Bayer*, 229 Or App 267, 279, 211 P3d 327, *rev den*, 347 Or 446 (2009) (noting that, "under the aspirational standards, 98 percent of nonfelonies should be adjudicated within six months" and assuming that the state-attributed delay of approximately eight months exceeded expectations for bringing the defendant to trial on a DUII charge); *State v. Peterson*, 183 Or App 571, 574-75, 53 P3d 455 (2002) (accepting the state's concession that a delay of seven months for a charge of one count of DUII was "significantly longer than average"). As such, the state's delay in bringing defendant to trial for his DUII charge was longer than ordinarily would be expected.

We next determine whether the state-attributed delay of 11 months (333 days) was reasonable. As previously mentioned, we examine "all the attendant circumstances" to determine whether the delay was reasonable. *Glushko/ Little*, 351 Or at 315-16. Because the state must bring a defendant to trial within a reasonable time, "it is the state's burden to show the reasonableness of any delay." *State v. Bellah*, 242 Or App 73, 80, 252 P3d 357 (2011). "There is no precise formula for determining whether a particular delay is reasonable." *State v. Myers*, 225 Or App 666, 674, 202 P3d 238, *rev den*, 346 Or 184 (2009). The reasonableness of the total amount of state-attributed delay is "influenced by the extent to which it is justified" and the "longer the total delay is, the shorter any unjustified portion may be." *Id.* at 677. However, "[a]t some point, even if the individual delays in the prosecution of a case are justified, the total length of the delay becomes unreasonable." *Davis*, 236 Or App at 109 (citing *State v. Adams*, 339 Or 104, 111-12, 116 P3d 898 (2005)). With those guidelines in mind, we address the four periods of state-attributed delay in turn.

Defendant argues that all four periods of state-attributed delay were unjustified and should be presumed unreasonable. Those four periods of delay are: (1) from March 17 to July 23, 2007, 128 days of delay; (2) from June 15 to October 26, 2009, 113 days of delay; (3) from February 9 to March 15, 2010, 34 days of delay; and (4) from April 19 to

May 27, 2010, 38 days of delay. Defendant contends that the reasons for the four periods of state-attributed delay are not established in the record and, therefore, the delays are presumed to be unjustified and, in total, are unreasonable. *See, e.g., State v. Allen*, 234 Or App 243, 255, 227 P3d 219 (2010) ("[W]here the state fails to show, on the record, that there was 'good reason' for a delay, the delay is deemed unreasonable."); *Bellah*, 242 Or App at 80 (noting that "[b]oth the reasons for a delay and how that reason justifies the length of the delay must be established in the record"); *State v. Lee*, 234 Or App 383, 389-90, 228 P3d 609, *rev den*, 348 Or 523 (2010) (concluding that each period of delay due to a lack of available judges was "well-established in the record"); *Doak*, 235 Or App at 357 (concluding that the state's explanation for each period of delay was reasonable). In support of his argument, defendant asserts that the state was required to articulate its explanations for the individual periods of state-attributed delay.

The prosecutor explained that all four periods of state-attributed delay were the result of "timely set appearances" that were "ordinary course." The state argues that the record supports that explanation and that all the delays were caused by the court scheduling hearings that were appropriate for each stage of the case. We address each period of state-attributed delay in turn.

We first consider the period of state-attributed delay from March 17, 2007, when the officer issued defendant a citation, to July 23, 2007, when the trial court held a hearing on defendant's motion to suppress. After he was cited for DUII, defendant was arraigned two and one-half months (79 days) later on June 4, and the court set the trial date for August 2. Later, on June 25, defendant filed a motion to suppress, and the court set a hearing for that motion on July 23. At that hearing, the court granted defendant's request for this case to trail his unrelated felony case and, therefore, did not rule on defendant's motion to suppress.

We conclude that the 128-day period of state-attributed delay is not unreasonable. We reject defendant's argument that the state's evidence of the OJIN record was insufficient to justify that period of delay and that the

state was required to articulate an explanation for the delay in the record. The cases that defendant relies on to support his argument are inapposite because those cases do not articulate the minimum standard to justify delays that are the result of normal court scheduling practices. *See, e.g., Bellah*, 242 Or App at 83-84 (concluding that the OJIN record was insufficient to justify the state-caused delay due to a lack of available judges); *Lee*, 234 Or App at 389-90 (concluding that the state's evidence of the colloquy between the parties and the court during docket calls and testimony from the docketing clerk was sufficient to justify the state-caused delay due to a lack of available judges). We assume that, when a court manages its own docket to schedule hearings and status conferences, the court selects the earliest available date that is mutually agreed upon by the parties unless the record or the unusual length of time before a future scheduled event suggests otherwise.

Here, although there is no detailed explanation of why defendant was arraigned approximately 79 days after he was cited, there appears to be nothing unreasonable about that period of delay. Similarly, the interval between defendant's arraignment and the July 23 hearing for his motion to suppress, 49 days, was within the norm of court scheduling practices. *See State v. Allen*, 205 Or App 219, 228, 134 P3d 976 (2006) (noting that "delays due to scheduling conflicts by the courts and counsel" or "the unavailability of witnesses" are the types of scheduling issues that courts and litigants face regularly).

The second period of state-attributed delay occurred between June 15, 2009, when the court scheduled a status conference, and October 26, 2009, when the court held a hearing on defendant's motion to suppress. At the status check hearing on June 15, which the trial court held approximately three weeks after defendant's unrelated felony case was resolved on May 21, the court set the trial date for November 3 and scheduled a hearing on defendant's motion to suppress on October 26. During that 133-day interval, the state did not request any setovers. We conclude that the 133-day interval of delay does not fall outside the norm of acceptable court scheduling practices.

We next turn to the third period of state-attributed delay from February 9, 2010, to March 15, 2010. At the October 26 hearing, the court moved the trial date from November 3, 2009, to February 9, 2010, because defendant had requested to file a supplemental motion to dismiss. However, for an unexplained reason, the February 9 trial date was not calendared in OJIN. The next day, on February 10, the court set the status check hearing for March 15. At oral argument, the state asserted that there is nothing in the record to explain why the February 9 trial date was never entered in OJIN. Because there is nothing in the record to suggest otherwise, we can only assume that the February 9 trial date was not entered in OJIN because of a scheduling error by the court. We conclude that the state did not give an adequate explanation for why that error occurred and why it was reasonable. *See Peterson*, 252 Or App at 430 (concluding that the five-month period of state-attributed delay was unreasonable because neither the court nor the state gave a satisfactory reason for why the court's scheduling error occurred). As such, we conclude that the 34 days of state-attributed delay during early 2010 was unjustified and, therefore, unreasonable.

The last period of state-attributed delay occurred later that spring, from April 19, 2010, to May 27, 2010. On April 19, the court scheduled a status hearing, and the next day, on April 20, the court set the trial date for May 27. Before trial, on May 4, defendant filed a motion to dismiss for lack of speedy trial, and the court denied his motion on May 14. After denying the motion to dismiss, the judge recused himself and, consequently, another judge was assigned to the case, without delaying the trial date. Defendant then filed another motion to dismiss for lack of a speedy trial, which the court heard on May 27, the day of trial. The court treated defendant's motion as a second motion to dismiss or, in the alternative, a motion to reconsider, and denied the motion. We conclude that the duration of this relatively short period of delay, 38 days, represents a reasonable length of time to schedule a trial date. *See State v. Cunningham*, 232 Or App 135, 144, 221 P3d 165 (2009), *abrogated on other grounds by State v. Garner*, 253 Or App 64, 289 P3d 351 (2012), *rev den*, 353 Or 280 (2013) (noting that approximately four weeks of delay reflects a "routine and reasonable length of time for scheduling a mutually acceptable trial date").

In sum, the total amount of state-attributed delay is 11 months, which we have treated as close to, but still within, the outer boundary for bringing a defendant to trial for a misdemeanor. Out of the 11 months of delay, only 34 days were unexplained and, therefore, unjustified. The other periods of delay were due to routine scheduling delays that are inherent in every case. Throughout the case, the court regularly scheduled status conferences and held multiple hearings for the parties' motions; this case was not one languishing from inattention. And, we do not consider this case to be one in which the total delay—11 months—is "so excessive that we must shift our focus from the reasons for particular postponements to the period of delay *'in toto.'*" *Garcia/Jackson*, 207 Or App at 446. Accordingly, given 34 days of unjustified delay out of a total delay of 11 months, we conclude that defendant was brought to trial "within a reasonable period of time" under ORS 135.747. *See Myers*, 225 Or App at 677 ("The longer the total delay is, the shorter any unjustified portion may be."); *see, e.g., Peterson*, 183 Or App at 574-75 (concluding that the total state-attributed delay of seven months, of which six months were unexplained delay, was reasonable); *Garcia/Jackson*, 207 Or App at 446-47(concluding that unjustified delay of 2.5 months out of the total delay of 14 months was reasonable). Thus, the trial court did not err in denying defendant's motion to dismiss.[3]

Affirmed.

---

[3] Because we conclude that the total amount of state-attributed delay was reasonable, we need not address defendant's argument that the state failed to present a "sufficient reason" to continue the trial despite the unreasonable delay.