Argued and submitted November 1, 2007, reversed and remanded March 19, 2008

# STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

# BENNY LYNN PURDOM,
*Defendant-Respondent.*

Lincoln County Circuit Court
053385; A129883

180 P3d 150

Susan G. Howe, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Jason Edward Thompson argued the cause for respondent. With him on the brief was Ferder Casebeer French & Thompson, LLP.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge, and Wollheim, Judge.

EDMONDS, P. J.

## EDMONDS, P. J.

In this criminal case, the state appeals from a pretrial order of dismissal entered after the trial court granted defendant's motion to dismiss for lack of a speedy trial, ORS 135.747. We review for errors of law, *State v. Johnson*, 339 Or 69, 82-86, 116 P3d 879 (2005), and reverse and remand.

The record in this "tale of two indictments" is as follows.[1] On July 2, 2004, defendant was initially arraigned on a district attorney's information in case number 04-2928, on charges of manufacturing a controlled substance (a Class B felony), delivery of a controlled substance (a Class B felony), possession of a controlled substance (a Class C felony), and possession of a precursor substance with intent to manufacture a controlled substance (a Class B felony). A month later, on August 6, 2004, the state indicted defendant in case number 04-2928 on the same charges. The court set trial on the indictment for August 5, 2005. However, on the day before trial, the state reindicted defendant in case number 04-2928 with a superseding indictment on the same charges, although based on slightly different allegations.

On the day of trial, defendant objected to the superseding indictment. After hearing argument from the parties, the trial court refused to arraign defendant on the superseding indictment and informed the parties that the charges in case number 04-2928 would be tried under the initial indictment. In response, the state informed the court that it was not prepared to proceed under the initial indictment, and, pursuant to ORS 136.120, the trial court dismissed the indictment. However, the court declined defendant's request to dismiss case 04-2928 with prejudice.[2]

---

[1] *See* Charles Dickens, *A Tale of Two Cities* (1859).

[2] The court explained,

"I don't think it makes any difference whether it's dismissed with or without prejudice in that if the State does re-file, I think the cases yesterday clearly make it such that it would not be a timely indictment and subject to dismissal. So, I'm not going to make it with prejudice."

Apparently, the cases referred to by the court are *State v. Adams*, 339 Or 104, 116 P3d 898 (2005); *State v. Davids*, 339 Or 96, 116 P3d 894 (2005); and *State v. Johnson*, 339 Or 69, 116 P3d 879 (2005), issued by the Supreme Court on August 4, 2005.

On the same day, August 5, 2005, the state indicted defendant in case number 05-3385 and asserted the same charges that had been alleged in case number 04-2928. At his arraignment in case number 05-3385, defendant moved to dismiss the indictment "based upon a [failure to provide a] speedy trial" and referred to the Supreme Court's opinion in *State v. Davids*, 339 Or 96, 116 P3d 894 (2005). Defendant asserted that *Davids* governed the indictment in case number 05-3385 and that, pursuant to ORS 135.747, ORS 136.120, and ORS 136.130, the trial court should dismiss it with prejudice. In response, the state argued that the trial court should commence the time period under ORS 135.747 as of August 8, 2005,[3] and, accordingly, deny defendant's motion.

On August 22, 2005 (17 days after the filing of the indictment in case number 05-3385, and more than a year after the filing of the information in case number 04-2928), the trial court dismissed the indictment in case number 05-3385. The court reasoned:

"Clearly, the Court feels this was a denial of the defendant's right to a speedy trial and I'm entering an Order of Dismissal. Again, I'm not doing it with prejudice or without prejudice, [be]cause I don't think that's relevant. It's [a] speedy trial issue and the State can do what they need to do. The case is dismissed."

The court explained that its decision was based on the events in case number 04-2928:

"It is the exact same set of facts and circumstances [as in case number 04-2928]; that's why I dismissed [case number 05-3385]. If it was a new charge involving other matters and related back to a period of time that was not the exact same incident, then there would be a different issue on speedy trial. Why they didn't—they didn't do that."

On appeal, the state assigns error to the trial court's ruling dismissing the indictment in case number 05-3385 as

---

[3] Although the state specified August 8, 2005, as the starting date for the speedy trial calculation in its memorandum of law in opposition to defendant's motion to dismiss, we understand the state to argue that the commencement date should be the date of the indictment in case number 05-3385, which is August 5, 2005.

the result of "a denial of the defendant's right to a speedy trial." In the state's view, ORS 135.747 allowed the state to reindict defendant because the applicable statute of limitations had not yet expired and because the "reasonable time period" for bringing defendant to trial did not start to run until the indictment was filed in case number 05-3385. Defendant counters that "the court was entitled to rely on ORS 135.747, ORS 136.130, Article I, section 10[,] of the Oregon Constitution, or the Sixth Amendment of the United States Constitution."[4]

■　　　Initially, we reject defendant's assertion that ORS 136.130 provides a legally cognizable basis for the trial court's dismissal of the indictment in case number 05-3385. ORS 136.130 governs when a dismissal under ORS 136.120 operates to bar further prosecution:

> "If the court orders the accusatory instrument to be dismissed and the instrument charges a felony or Class A misdemeanor, the order is not a bar to another action for the same crime unless the court so directs. If the court does so direct, judgment of acquittal shall be entered. If the accusatory instrument charges an offense other than a felony or Class A misdemeanor, the order of dismissal shall be a bar to another action for the same offense."

ORS 136.120 provides for dismissal when the prosecutor is unprepared for trial:

> "If, when the case is called for trial, the defendant appears for trial and the district attorney is not ready and does not show any sufficient cause for postponing the trial, the court shall order the accusatory instrument to be dismissed, unless, being of the opinion that the public interests require the accusatory instrument to be retained for trial, the court directs it to be retained."

Because ORS 136.130 does not bar subsequent prosecution unless the trial court's dismissal under ORS 136.120 is with prejudice, and because the trial court explicitly stated when

---

[4] The trial court did not rule on constitutional speedy trial grounds, nor did defendant move for dismissal on that basis. Had defendant made such a motion, the record before us could have been materially different. Accordingly, we do not reach the issue of whether the case should have been dismissed under the state or federal constitutions' speedy trial provisions.

dismissing case number 04-2928, "I'm not going to make [the dismissal of the initial indictment] with prejudice," we conclude that ORS 136.130 does not support dismissal of the indictment in case number 05-3385.

■ Next, we consider whether the trial court properly interpreted the provisions of ORS 135.747 when it dismissed case number 05-3385. ORS 135.747 provides for dismissal when a defendant is not brought to trial within a reasonable period of time:

> "If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

The state argues that, in this case, the statutory speedy trial calculation began to run on the filing of the current charging instrument before the court—the indictment in case number 05-3385. In contrast, defendant asserts that the statutory speedy trial calculation began to run on the filing of the initial charging instrument—the information in case number 04-2928.

The issue framed by the parties presents a question of statutory interpretation. However, we have previously rejected arguments similar to defendant's in *State v. Schneider*, 201 Or App 546, 549-52, 120 P3d 16 (2005), *adh'd to on recons*, 204 Or App 710, 131 P3d 842, *rev den*, 341 Or 392 (2006), and in *State v. Hampton*, 152 Or App 742, 745, 954 P2d 1167 (1998). In *Hampton*, we relied on the provisions of ORS 131.135 as expressing the legislature's intent regarding when the clock starts running for purposes of ORS 135.747 under circumstances where an initial charge is dismissed and another charge is filed. ORS 131.135 provides that "[a] prosecution is commenced when a warrant or other process is issued, provided that the warrant or other process is executed without unreasonable delay." In *Schneider*, we relied on the same reasoning and held that the date that the charge was reissued following the first dismissal is the starting point for calculating the length of time to bring a defendant to trial. Nonetheless, defendant argues that those cases

were incorrectly decided in light of the Supreme Court's opinions in *Johnson* and *State v. Vasquez*, 336 Or 598, 88 P3d 271 (2004).

*Johnson* did not involve a dismissal of the initial charge and the reissuance of a new charge. Rather, in *Johnson*, there was a 21-month delay between the defendant's indictment and arraignment, and the issue was whether the clock began to run on the date of the indictment or on the date of the arraignment. The court, interpreting ORS 135.747, concluded that the statutory speedy trial clock begins to run when a defendant is "charged with a crime":

> "To consider that argument, we again turn to the *PGE* analytical paradigm. At the text and context level of that paradigm, we conclude that, with respect to the issue of the temporal scope of the speedy trial right, the text of ORS 135.747 is at least strongly suggestive of the answer. Specifically, ORS 135.747 pertains '[i]f a defendant *charged with a crime* * * * is not brought to trial within a reasonable period of time.' Presumably, that means that, once a defendant stands 'charged with a crime,' his or her trial must take place within a reasonable period of time. Although there may be room for debate with respect to the range of actions that the legislature intended by the term 'charged,' there can be little doubt that a defendant who has been indicted by a grand jury has been 'charged with a crime' within the meaning of the statute.
>
> "* * * * *
>
> "The state suggests that it is irrational to read ORS 135.747 as pertaining to a time when the trial court has had no opportunity, and even lacks the jurisdiction, to schedule a trial. But that suggestion rests on the unsupported premise that ORS 135.747 is directed primarily at trial courts and is concerned primarily with trial scheduling. In that regard, we note that ORS 135.747 applies if criminal defendants are not 'brought to trial' within a reasonable time. Although it is true that the prosecution always is constrained by the trial court's schedule, it is the prosecution, and not the trial court, which bears the primary responsibility for 'bringing' a criminal defendant to trial. As such, there is nothing irrational about reading ORS 135.747 *as applying at any time when the prosecutor has the power to*

*move the case forward, including the period before arraign-*
*ment but after the defendant stands 'charged with a crime.'*
*We read the statute to operate that way."*

*Johnson*, 339 Or at 92-93 (second emphasis added).

Defendant, relying on the above language from *Johnson*, asserts that "the state charged defendant with this crime on July 2, 2004. From that point, the prosecutor had 'the power to move the case forward.' " As to our reliance on ORS 131.135 in *Hampton* and *Schneider*, defendant posits that the "other process" contemplated by the statute was the indictment in case number 04-2928 and that our reasoning in *Hampton* and *Schneider* writes that language out of the statute.

First, we do not understand *Johnson* to have decided the issue before us because, in that case, the issue was whether the time period in ORS 135.747 began at the time of indictment or arraignment on that indictment. To answer the question before it, the court focused on that portion of ORS 135.747 that refers to "a defendant charged with a crime" and held with regard to that phrase that "there can be little doubt that a defendant who has been indicted by a grand jury has been 'charged with a crime' within the meaning of the stat-ute." 339 Or at 92. In contrast to the issue in *Johnson*, the issue here is whether the legislature intended the phrase "charged with a crime" in ORS 135.747 to refer to the charge in case number 04-2928 or to the charge in a different case, case number 05-3385. The text of ORS 135.747 alone does not resolve the issue before us as it resolved the issue in *Johnson*, and defendant's attempt to graft the language of *Johnson* into this case is not persuasive because of the differences in issues in the cases.

In interpreting the provisions of a statute, we are required to consider other statutes that provide relevant con-text. ORS 131.135 is such a statute because it is among the provisions that govern the timeliness of criminal actions. *See* ORS 131.105 ("[a] criminal action must be commenced with the period of limitations prescribed in ORS 131.125 to 131.155"). The timeliness of the prosecution of criminal actions is also the focus of ORS 135.745, ORS 135.747, and ORS 135.753(2). The legislature intended those statutes to

provide a "housekeeping mechanism" and "a method for dismissing cases that are languishing in the criminal justice system without affecting the state's ability to re-prosecute serious charges." *State v. Emery*, 318 Or 460, 467, 869 P2d 859 (1994).

We turn now to defendant's argument under *Vasquez*. In *Schneider*, we rejected the defendant's argument based on *Vasquez* because *Vasquez* involved the interpretation of the speedy trial provision of Article I, section 10, of the Oregon Constitution and not an interpretation of ORS 135.747. *Schneider*, 201 Or App at 549-52. According to defendant, "a closer reading of *Johnson* illustrates that the foundation of ORS 135.747 parallels that of Article I, section 10, and therefore, *Vasquez* does provide guidance." Defendant further asserts that the *Johnson* court cited *State v. Breau*, 45 Or 586, 587, 78 P 896 (1904), "for the proposition that the 'then-extant version of [the statutory speedy trial right] was intended to preserve' the same 'right guaranteed by Article I, section 10, of the Oregon Constitution.'" And, under *Vasquez*, defendant points out, the clock starts running for constitutional speedy trial purposes when there is any process that commences a prosecution. Therefore, defendant concludes, "ORS 135.747 begins tolling not upon re-issuance, but upon the filing of any official process commencing a prosecution. In this case, the district attorney's information issued on July 2, 2004 constituted 'official process commencing a prosecution.'"

In our view, defendant's argument fails to account for the legislature's intent in promulgating ORS 135.747 and the plain meaning of the words "other process" in ORS 131.135 when they are read in context with the other words of the statute. ORS 135.747 serves a different purpose than speedy trial statutes or constitutional provisions that require dismissal of an accusatory instrument with prejudice. The legislature has expressly provided in ORS 135.753(2) that, with regard to Class A misdemeanors and felonies, a dismissal under ORS 135.747 is not a bar to a subsequent prosecution. Moreover, it is clear that the words "other process" in ORS 131.135 do not apply to the filing of an accusatory instrument but to other processes that are akin to the issuance of an arrest warrant or processes that occur after the filing of the accusatory instrument.

Thus, we adhere to our holdings in *Schneider* and *Hampton*, that ORS 131.135 controls the determination of when a prosecution is commenced for purposes of ORS 135.747. It follows that, for purposes of ORS 135.747, case number 05-3385 was commenced on August 5, 2005, and that the trial court erred in dismissing that indictment. *See also Abbott v. Baldwin*, 178 Or App 289, 36 P3d 516 (2001), *rev den*, 334 Or 75, *cert den*, 537 US 901 (2002) (holding that the filing of an earlier indictment in a separate case did not constitute the commencement of a subsequent prosecution for purposes of ORS 131.135).

Reversed and remanded.