Argued and submitted September 29, 2009, reversed and remanded for entry of judgment of dismissal June 23, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## MARCI LORENE DAVIS,
*Defendant-Appellant.*

Lincoln County Circuit Court
065023; A138704

237 P3d 835

Meredith Allen, Senior Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.

Kristen G. Williams, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Sercombe, Presiding Judge, and Brewer, Chief Judge, and Deits, Senior Judge.*

SERCOMBE, P. J.

---

* Brewer, C. J., *vice* Edmonds, P. J.

**SERCOMBE, P. J.**

Defendant appeals a judgment convicting her of the misdemeanors of failing to carry or display a driver's license, ORS 807.570, and giving false information to a police officer, ORS 807.620. She claims that the trial court erred in not dismissing the case under ORS 135.747. That statute allows dismissal of criminal proceedings when a defendant is "not brought to trial within a reasonable period of time." The trial court concluded that the 17.3-month delay in bringing defendant to trial was reasonable. On review for errors of law, *State v. Johnson*, 339 Or 69, 82-86, 116 P3d 879 (2005), we reverse and remand for entry of a judgment of dismissal.

The reasonableness of a delay in bringing a defendant to trial is assessed by evaluating the fits and starts of the progress of a case, so we set out the procedural history of this matter with some particularity. On October 18, 2006, defendant was stopped by a police officer for failing to drive her car within its lane. Defendant did not have any identification and gave an inaccurate name and date of birth to the officer and was arrested on the charges that resulted in her convictions. Defendant was transported to jail, where controlled substances were found in her pockets.

The state filed an information on November 9, 2006, accusing defendant of misdemeanors in three counts: (1) possession of a controlled substance, *former* ORS 475.992(4)(b) (2003), *renumbered as* ORS 475.840 (2005); (2) failure to carry or display a driver's license, ORS 807.570; and (3) giving false information to a police officer, ORS 807.620. Defendant was released on bond. She failed to appear at her arraignment on November 13, 2006, which was then rescheduled for November 20. On November 17, the state filed an amended information that was identical to the original information, except that the caption on Count 1 was changed to indicate that defendant was accused of possessing a Schedule III, rather than a Schedule II, controlled substance. Defendant appeared at the arraignment on November 20 and requested an "early resolution conference," a type of settlement conference.

The court set the conference date for December 11, at a time close to the time of a conference set for defendant in

another case involving felony charges. Defendant had been charged with five counts in that case: unlawful delivery of a controlled substance, manufacture of methamphetamine, possession of methamphetamine, and two counts of theft by receiving, based on contraband found by police in a warranted search of defendant's home. Defendant's counsel represented her in both cases. Defendant failed to appear for the December 11 conference, so the court continued the misdemeanor case to January 22, 2007, for a final resolution conference.

On January 22, defendant's counsel requested an additional three weeks to try to negotiate with the state on both cases. The court scheduled a final resolution conference for March 5. The record does not show any action in the case on March 5. The state filed a second amended information in this case on April 4 that was nearly identical to the first amended information. The text of Count 1 was changed to identify the controlled substance as a Schedule III drug.

On April 16, a final resolution conference was held. Defendant was arraigned on the new information in this case and pleaded not guilty. At the same time, defendant pleaded not guilty in the felony case. Defense counsel noted that the two cases were not subject to consolidation and "would need to be set separately." The trial court responded, "[W]e'll enter the plea of not guilty, take the older one and the younger one and set both of them for the same day and they'll let us know at the status conference which one is going to go or whether they're going to move to have them consolidated. They're both drug charges." The court then set both cases for trial on July 19 and 20, with a status conference scheduled for June 25.

On June 4, the state moved to consolidate the two cases. Defendant opposed the motion because she wanted to testify in the misdemeanor case, but remain silent in the felony case. Defendant argued at a June 25 hearing on the motion:

"The incidents were separated in time by about three weeks. The 064367 case, that's the five Count indictment, those are incidents alleged to have occurred on or about September 26th [2006]. * * * And then in [this case] there is

a DA's second amended information based on a traffic stop that occurred about three weeks later on October 18 of 2006. Completely unrelated incidents, different officers, and as I suggested in my memo I cited a number of cases and I know the Court hasn't had a chance to review that yet. But I would just rely on really two cases, * * * *State v. Eustead*, [12 Or App 351, 507 P2d 60 (1973)]. Applying a prior version of ORS 132.560 in this situation where the defendant indicated that he wanted to testify in one case, but not the other, or as to one charge, but not another. And the Court of Appeals there held that that was a valid reason for severance.

"* * * * *

"DEFENSE:    * * * I just wanted to raise another issue. The first issue, which is whether the cases are of the same or similar character within the meaning of 132.560(1)(b)(A). So the court first has to find that the cases are of the same or similar character.

"What we have in the first case was a LINT [Lincoln Interagency Narcotics Team] executing a search warrant at the defendant's residence resulting in the five Count indictment. And then three weeks later a routine traffic stop where she's charged with Possession of a Schedule III Controlled Substance, hydrocodone, failure to Carry and Present a License and Giving False Information to an Officer."

The trial court denied the motion to consolidate.

On July 2, the court held a trial readiness conference and decided to keep the felony case on the July 19 trial docket as previously scheduled. However, it issued an order cancelling that trial date for this case and continuing it to July 30 for another final resolution conference. At that conference, the court scheduled trial for October 18, with a trial status conference on September 24. At the September 24 conference, the trial court informed defense counsel that the case was still scheduled for trial on October 18 but that the court would let counsel know shortly if that would change. The court stated, "I gave [another case] a go and unless [the attorney in that case] gets back to me by next Monday and indicates that his client is unavailable, your case will come off, but right now we'll leave it on." The court did not explain why

that other case would take precedence. The record does not reflect what happened in the interim. An Oregon Judicial Information Network (OJIN) entry indicates that the court reset the case to October 9, then to January 22, 2008, and finally to February 12. The case was not tried on February 12, and the case next came up for a scheduling hearing on February 14. At that hearing, defense counsel stated that they were ready to proceed to trial, and the court scheduled the trial for April 18, 2008, with a status conference on March 24. Meanwhile, the felony case was finally tried on February 14, and resulted in convictions for possession and manufacture of methamphetamine and for first- and second-degree theft by receiving.

On March 14, defendant filed a motion to dismiss for unreasonable delay and lack of speedy trial, arguing that the 17 months between the first information on November 9, 2006, and the scheduled trial date of April 18, 2008, was an unreasonable delay and that defendant had not consented to any portion of that delay. Defendant supported her motion with a memorandum of law. The state did not file any written opposition to the motion.

On March 24, the court heard the motion. Defendant argued that she had not requested a continuance nor consented to any delay, and so no period of the delay was "attributable" to her. The state argued that, by opposing the state's motion to consolidate, defendant had delayed trial in this case by approximately one month; defendant's felony case had gone to trial in February 2008 and, if the cases had been consolidated, this case would have gone to trial at the same time. The state contended that,

"while the defendant has not specifically and explicitly waived her right to speedy trial, nonetheless the defendant puts the Court in a certain situation when she has a felony case and a misdemeanor case. Now the Court must find two trial dates for her instead of just one.

"The defendant of course has a choice to make when there is a motion to consolidate, that choice comes with benefits and detriments. The benefit will be that the jury won't hear about two cases; the jury will just hear about one case. The detriment is that necessarily there will be a delay while

the Court finds room in the Court's calendar for a second jury trial. And it's the defendant's choice. I submit the defendant reasonably could expect that there would be a delay in the court finding a second jury trial date for her, it's going to be a delay of a matter of a few months.

"The second issue * * * is the speedy trial analysis. * * * The defendant * * * doesn't really make a distinction between statutory speedy trial and constitutional speedy trial, there is a difference."

The state went on to argue that defendant had not shown prejudice, and so there was no constitutional speedy trial problem. As to the statutory speedy trial issue, the state argued as follows:

"However, I would ask the Court to, when looking at statutory speedy trial to consider this decision that the defendant made to [challenge] the motion for consolidation. Isn't that the key issue as to why the delay has lasted as long as it has? It was the speedy trial—the key to the speedy trial courtroom door was open to the defendant, she could have had a trial a month ago or so and chose instead, which of course is her privilege to say, 'No I don't want to have a trial a month ago with my felony case, instead I want to have a separate trial sometime later.' "

Defendant responded that her opposition to consolidation should not be construed as a waiver of her statutory speedy trial right.

The trial court denied defendant's motion for dismissal with only a short oral comment, saying that the

"misdemeanor case was what we call tracking with the felony case all along, we had it on the docket for trial in October, I don't know where [this case] was at that point in time, but [the felony case] was bumped by another case back in October and rescheduled for * * * February."

This case proceeded to trial in April, and the state filed another amended information on the date of trial. The third amended information differed from the second amended information only in that the date alleged for Count 1 had been changed to match the dates alleged for Counts 2 and 3. Defendant was convicted by a jury on Counts 2 and 3. The

charges relating to the controlled substances were dismissed at trial on the state's motion.

The issue in this case is whether the delay in prosecuting the case to trial was unreasonable under ORS 135.747 and ORS 135.750.[1] ORS 135.747 provides:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

ORS 135.750 provides, in part:

"If the defendant is not proceeded against or tried, as provided in * * * ORS 135.747, and sufficient reason therefor is shown, the court may order the action to be continued * * *."

Read together, those statutes create a two-step analysis for considering a motion to dismiss on statutory speedy trial grounds. *Johnson*, 339 Or at 87-91; *State v. Davids*, 339 Or 96, 101, 116 P3d 894 (2005). As we explained in *State v. Garcia/Jackson*, 207 Or App 438, 444, 142 P3d 501 (2006), in applying ORS 135.747 as the first step,

"the court must determine the total amount of delay and subtract from that total any periods of delay that the defendant requested or consented to. [*Davids*, 339 Or at 101.] Then, if the state has taken longer than ordinarily expected to bring the defendant to trial, and again applying ORS 135.747, the court must determine if the length of the remaining delay was unreasonable by examining 'all the attendant circumstances.' *Johnson*, 339 Or at 88. The attendant circumstances include '[c]ircumstances that cause delay (that is, the reasons for delay),' and an assessment of those circumstances generally will drive the determination of whether the delay was reasonable. *Id.*"

We have since further refined the manner in which ORS 135.747 is applied. As noted in *State v. Bayer*, 229 Or

---

[1] Defendant objected below to the delay in bringing her to trial on both statutory and constitutional grounds under Article I, section 10, of the Oregon Constitution. On appeal, she abandons any constitutional contention.

App 267, 277-78, 211 P3d 327 (2009), the delay period is calculated under ORS 135.747 from the time the defendant is "charged with a crime." That means the period during which "the prosecutor has the power to move the case forward." *Johnson*, 339 Or at 93. As we held in *State v. Purdom*, 218 Or App 514, 180 P3d 150, *rev den*, 345 Or 159 (2008), and reiterated in *Bayer*, "when the state dismisses one charging instrument but subsequently files another, the prosecution commences with the second charging instrument and, thus, serves as the starting point for calculating the relevant delay for purposes of ORS 135.747."[2] 229 Or App at 278.

Under the statute, the delays that a defendant did not apply for or consent to are attributable to the state. *State v. Allen*, 234 Or App 243, 254, 227 P3d 219 (2010).[3] "A defendant's consent to a delay must be express; his or her implicit consent or failure to object to a postponement by the state or by the trial court to accommodate other judicial priorities is not enough." *Id.* (citation omitted); *State v. Adams*, 339 Or 104, 109, 116 P3d 898 (2005) ("consent" under ORS 135.747 means " 'express consent' " (citing *State v. Chadwick*, 150 Or 645, 47 P2d 232 (1935)). For purposes of ORS 135.747, " 'the state' is a unitary political entity that includes the courts as well as the executive and legislative branches, and, thus, court-related delays are attributable to the state." *State v. Myers*, 225 Or App 666, 671 n 3, 202 P3d 338 (2009) (citation omitted).

As assessed under those principles, the period of delay under ORS 135.747 for this case is 456 days, approximately 15 months. The entire period of delay, from the date of the initial information on November 9, 2006, to the trial that

---

[2] Under ORS 135.747, the speedy trial delay period ends when the defendant is "brought to trial." *But see State v. Lee*, 234 Or App 383, 386-87, 228 P3d 609 (2010) (failure of defendant to renew speedy trial objection on the date of trial required, under the circumstances, an earlier ending point for calculation of the period of delay under ORS 135.747). In this case, the parties calculate the period as ending on April 18, 2008, when the trial commenced.

[3] "Attributable to the state" in this sense merely means the unconsented portion of the delay, the part of the delay period included in the statutory calculation of reasonableness. The phrase "is simply a shorthand way of saying that the delay was not one for which the defendant applied or to which the defendant consented" and implies no causative role on behalf of the state. *State v. Spicer*, 222 Or App 215, 221, 193 P3d 62 (2008).

began on April 18, 2008, is 526 days, or 17 months and 9 days. Defendant was responsible for, and is deemed to have consented to, seven days of delay because of her failure to appear at the initial arraignment. She also failed to appear at the December 11, 2006, early resolution conference, resulting in a delay of 42 days to a rescheduled conference time of January 22, 2007. Finally, defendant asked for a 21-day delay for settlement discussions. Each of those actions delayed the initial setting of a trial date. Thus, defendant applied for or consented to delays of 70 days, leaving a delay attributable to the state of one year and 91 days, or approximately 15 months.

The state makes two arguments as to why that attributable period should be shorter. First, the state contends that the starting date for the delay period is not the date of the initial information, but the April 4, 2007, date for the second amended information (or even the trial date when the third amended information was filed). The state relies on *Purdom*, 218 Or App at 519-23, where we held that, when the state dismisses one charging instrument and subsequently files another, the prosecution begins with the second charging instrument for purposes of calculating the starting date for the period of delay under ORS 135.747. There was no dismissal of any information in this case; the same information was continued with very slight changes, and the rule in *Purdom* does not apply. *See also Bayer*, 229 Or App at 278 (speedy trial delay period under ORS 135.747 calculated from date of subsequently filed information after initial citation dismissed). Consequently, the time for measuring the period of delay under ORS 135.747 began with the date of the first information, November 9, 2006.

The state also asserts that defendant applied for a postponement of a final resolution conference from March 26 until April 16, 2007. The state relies on an OJIN entry that the result of the conference was "Set-Over Aty" and the inference that the referenced attorney was defense counsel. The state did not make this argument in the proceedings below, and we are handicapped in evaluating its accuracy without an initial determination by the trial court. The record is insufficient to classify that delay as a product of defendant's

consent or application. We thus conclude that the delay attributable to the state was 15 months.

■■    Once the net delay is calculated under ORS 135.747, that delay is evaluated to determine if it is "longer than ordinarily expected to bring the defendant to trial." *Garcia / Jackson*, 207 Or App at 444. That expectation can be shown by evidence of practice or custom, as well as by judicial policies or rules, including the *Standards of Timely Disposition* adopted by the Oregon Judicial Department in 1990. The *Standards of Timely Disposition* "do not in any way define the scope of a speedy trial under the statute or the constitution," but instead are "informative in determining the length of time that is 'reasonable' in which to bring a case to trial." *State v. Emery*, 318 Or 460, 471 n 17, 869 P2d 859 (1994). Those standards recommend that "90% of all misdemeanors, infractions and other nonfelony cases should be adjudicated or otherwise concluded within 90 days from the date of arraignment, 98% within 180 days and 100% within one year, except for exceptional cases in which continuing review should occur." *Id.* "[T]he courts have often treated one year as a benchmark of sorts in misdemeanor cases in determining reasonableness of a delay under ORS 135.747." *State v. Allen*, 205 Or App 219, 228 n 4, 134 P3d 976 (2006). Because the net period of delay in this case is longer than one year from arraignment, it is longer than "ordinarily expected to bring the defendant to trial" and is not necessarily reasonable. Accordingly, the delay must be assessed to determine if it is reasonable given all of the attendant circumstances.

**6, 7.**    The determination of whether a delay is reasonable in light of the attendant circumstances "requires courts to weigh several factors, including the reasons for the delay, the length of the total delay attributable to the state, and the length of any portion of the delay that was unjustified." *Myers*, 225 Or App at 674. Moreover, "the acceptability of the total delay in a case is influenced by the extent to which it is justified. The longer the total delay is, the shorter any unjustified portion may be." *Id.* at 677. At some point, even if the individual delays in the prosecution of a case are justified, the total length of the delay becomes unreasonable. *State v. Adams*, 339 Or at 111-12 (total delay attributable to state of

23 months unreasonable even though caused by lack of judicial resources). "The point at which [a justified delay becomes unreasonable] varies depending on the strength of the reasons for the delay." *Myers*, 225 Or App at 676 n 9 (contrasting cases of very lengthy delays found to be reasonable under ORS 135.747). We have noted that "[d]elays due to discovery violations or the convenience of prosecutors weigh more heavily in the balance than do delays necessitated, for example, by unforeseen illness of witnesses or unavoidable docket congestion." *Allen*, 234 Or App at 256.

■　　Both the reason for a delay and its length must be justified in the record. *State v. Andrews*, 226 Or App 503, 512, 204 P3d 140 (2009) (finding delay unjustified where "the record does not contain an adequate explanation for the length of delay that resulted from the setovers attributable to the state"). Because it is the state's obligation to bring a defendant to trial within a reasonable time, it is the state's burden to show the reasonableness of any delay given those factors. *Allen*, 234 Or App at 255. Where the state fails to show, on the record, justified reasons for a delay, the delay is deemed to be unreasonable. *Id.*

■　　The record fails to show any justification for the 15-month delay attributable to the state. The state presented no evidence to explain the setovers of the trial dates or the lengths of those delays. The trial court made no findings on the contents of its files or the administrative context of the delays. The prosecution argued below only that the delay resulted from the coupling of defendant's felony and misdemeanor cases, and defendant's opposition to their consolidation. The two cases, however, involve different crimes and unrelated facts. The state does not explain the rationale for linking the scheduling of conferences and trials in both cases. In the absence of any explanation, the state failed to show that any delay attributable to tracking both cases together was reasonable. Nor is any delay in bringing the misdemeanor case to trial justified because, as the state suggested below, "the court must find two trial dates for her instead of just one." Defendant should suffer no loss in the quality of justice afforded to her because she was charged in more than one case. The 15-month delay attributable to the state was not justified.

■     In a general sense, "when a defendant has not consented to the delay and the state does not offer an explanation for it, delays of 15 months or more are unreasonable." *State v. Johnson*, 193 Or App 250, 256, 90 P3d 4 (2004), *aff'd*, 339 Or 69, 116 P3d 879 (2005); *see also State v. Davids*, 193 Or App 178, 183, 90 P3d 1 (2004), *aff'd*, 339 Or 96, 116 P3d 894 (2005) ("[T]he courts generally have concluded that state-caused delays to which a defendant has not consented of 15 months or more are generally unreasonable and that delays of seven months or less are reasonable."). Shorter periods of unjustified delay have been found to be unreasonable under ORS 135.747, particularly when combined with periods of otherwise justifiable delays attributable to the state: *Spicer*, 222 Or App at 220-21 (14 months of unexplained delay out of 17 months of state attributable delay found to be unreasonable); *Davids*, 193 Or App at 183-84 (11.5 months unexplained delay out of 15-month delay period held to be unreasonable).

We conclude, then, that an unjustified delay of 15 months was unreasonable under the facts of this case. The trial court erred in concluding otherwise.

The remaining inquiry, assuming that the trial court acted pursuant to ORS 135.750, is to determine whether the court properly exercised its discretion under that statute to deny defendant's motion to dismiss. Even if there is an unreasonable delay in bringing defendant to trial so that dismissal is required by ORS 135.747, the proceedings may continue if "sufficient reason * * * [was] shown [for] * * * the action to be continued." *Allen*, 234 Or App at 256 (brackets and omissions in original). As we have noted, the "relationship between [ORS 135.747] and ORS 135.750 remains uncertain and, perhaps, inscrutable." *Id.* at 257. Both statutes require an assessment of the reasons for the delay attributed to the state. Nonetheless, "sufficient reason" under ORS 135.750 "refers to conditions or circumstances that are distinct from those commonly associated with delays triggering the docket-regulating protections of ORS 135.747," *id.* at 257, and "that has some relevance to, and does not essentially undermine, the overall purpose of [the speedy trial] statutes," *Johnson*, 339 Or at 90, where "some specific

circumstance or policy * * * outweighs the general determination of unreasonableness made under ORS 135.747," *Spicer*, 222 Or App at 220. Here, the state does not identify any specific circumstance or policy that would outweigh the determination of unreasonable delay under ORS 135.747.

Reversed and remanded for entry of judgment of dismissal.