Argued and submitted August 29, 2012, affirmed January 9, petition for review denied July 3, 2013 (353 Or 788)

## STATE OF OREGON,
*Plaintiff-Respondent,*

v.

## CHARLES WINSTON MURR,
*Defendant-Appellant.*

Multnomah County Circuit Court
090950545; A146073

295 P3d 122

Zachary Lovett Mazer, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Karla H. Ferrall, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and Haselton, Chief Judge, and Sercombe, Judge.

SERCOMBE, J.

## SERCOMBE, J.

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010, reckless driving, ORS 811.140, and two counts of second-degree criminal mischief, ORS 164.354. He contends that the trial court erred in failing to dismiss the case for unreasonable delay under ORS 135.747, which requires that a defendant who is "charged with a crime" be "brought to trial within a reasonable period of time." In particular, defendant asserts that the trial court erroneously applied ORS 135.747 by measuring the relevant "period of time" for the trial delay from the date on which the information was filed rather than from a date nearly two years before when citations on the charges were served on defendant. On review for errors of law, *State v. Dixon*, 224 Or App 66, 68, 197 P3d 1106 (2008), *rev den*, 346 Or 10 (2009), we affirm.

The relevant facts are procedural in nature. On September 28, 2007, defendant was involved in a rather spectacular collision involving his pickup truck, an electric utility substation, and a high-pressure natural gas pipeline that, in the words of the prosecutor, produced "an enormous fireball which took out all natural gas supplies to Sauvie Island and all electrical supply to the Sauvie Island area[.]" Following the accident and a brief hospital stay by defendant, two citations were issued: one for DUII and another for three counts of first-degree criminal mischief. Those citations were served on October 3, 2007. The criminal mischief citation was reissued and served on October 4, 2007.

The citations were of two types. The DUII citation was a criminal citation with a complaint; the criminal mischief citation was a criminal citation without a complaint.[1]

---

[1] ORS 133.069 regulates the content of a criminal citation with a complaint. ORS 133.069(1)(c)(C) requires that such a citation contain

"[a] form of certificate in which the peace officer must certify that the peace officer has sufficient grounds to believe, and does believe, that the person named in the complaint committed the offense specified in the complaint. A certificate conforming to this subparagraph shall be deemed equivalent to a sworn complaint."

ORS 133.069(2) then provides that

"[t]he district attorney for the county shall review any criminal citation issued with a form of complaint that is to be filed in a circuit or justice court. The review must be done before the complaint is filed."

The citations directed defendant to appear in court on November 30, 2007. On that date, defendant was in the custody of Multnomah County serving a post-prison supervision sanction arising from the September 28 accident. Defendant was not taken to a hearing on the citations, as they had not been docketed with the court and no hearing was held. The district attorney had not immediately filed an information based on the citations. In the somewhat inelegant words of the parties, the state had "no-complainted" the citations. (We note later the meaning of that noun/verb.)

Nothing happened for nearly two years. On September 16, 2009, the Multnomah County district attorney issued and filed an information that charged defendant with the misdemeanor crimes of DUII, two counts of second-degree criminal mischief, and reckless driving. The citations and their printed identification numbers were not referenced in the information.

Immediately following the filing of the information, an arrest warrant issued. Alerted to that process, defendant turned himself in on October 8, 2009, retained an attorney, and prepared his defense to the charges.

On May 28, 2010, defendant moved to dismiss the information under ORS 135.747.[2] Defendant argued that he was "charged with a crime" for purposes of ORS 135.747 when the citations were served on October 3 and 4, 2007, and that the nearly two-year delay between the service of the citations and the filing of the information was unreasonable.

---

By contrast, a criminal citation without a complaint must disclose "[w]hether a complaint or information had been filed with the court at the time the citation was issued[,]" ORS 133.068(5), and must contain the following disclaimer:

"READ CAREFULLY

"This citation is not a complaint or an information. A complaint or an information may be filed and you will be provided a copy thereof at the time of your first appearance. You MUST appear in court at the time set in the citation. IF YOU FAIL TO APPEAR AND A COMPLAINT OR INFORMATION HAS BEEN FILED, THE COURT WILL IMMEDIATELY ISSUE A WARRANT FOR YOUR ARREST."

ORS 133.068(7) (uppercase in original).

[2] Defendant also made speedy trial arguments under the state and federal constitutions. On appeal, however, defendant relies only on the statutory ground for dismissal.

At the hearing on defendant's motion to dismiss, the parties discussed the status of the citations:

"THE COURT: * * * [W]hat record do we have of these tickets? I mean—

"[PROSECUTOR]: That is—that's a separate question, which is quite bizarre. Typically, the originals would be retained in a court file, showing that they were dismissed. Although if a case is no complainted, I suppose that wouldn't be the case, now that I think about it—

"THE COURT: Well, that's what I'm wondering is—

"[PROSECUTOR]: —because there's no court number.

"THE COURT: —whether there's, you know, I suppose somewhere then there's a docket from November 30th that lists—that says on it, 'No complaint,' I mean, that's—

"[PROSECUTOR]: That's exactly what it would have—would have happened.

"THE COURT: That's one theory of how that would have played out. That might be the only, you know, there wouldn't be an order, and there wouldn't have been a court file because the case didn't get issued in the first—you know, beyond the citation. I mean, you're not contending there was a warrant out for that two years, right?

"[DEFENSE COUNSEL]: Correct.

"THE COURT: I mean, that seems—well, it seems that that's the case, there was no warrant, and if there had been a warrant, I would mark this down as an easy winner for the defense."

Later, the court observed:

"THE COURT: * * * I [am] forced to interpret what happened with the initial citation as a no complaint. No warrant was issued, no charges were filed. And I don't think there's any other—I mean, I would be pleased to hear what arguments there might be about that having happened differently than that. But as far as I can tell that's what happened."

Ultimately, the court ruled that the case commenced with the filing of the information, rather than the service of the citations:

"THE COURT:    Well, the question of when a prosecution is started is kind of interesting.

"When a citation is given for some purposes, obviously the—you know, defendant's on notice—now, he's not charged when he's handed that ticket in any technical legal sense. He's charged when the ticket is filed, that's what actually creates the case is the filing of the ticket.

"So when a no complaint—when it's not filed then the question is, did it start? And I'm not sure the answer to that matters here.

"I'm persuaded that this one started in September of '09 when it was filed, that it in fact did not start when it was no complainted."

The court then ruled that the delay between the September 2009 initiation of criminal charges and the May 2010 motion to dismiss was reasonable, and denied the motion to dismiss. Defendant conditionally pleaded guilty to the charges, reserving his right to appeal the denial of his motion to dismiss. This appeal followed.

On appeal, defendant renews his contention that he was "charged with a crime" for purposes of ORS 135.747 when the citations were served. Measured from that point, defendant argues that the "period of time" of his prosecution exceeded two years and that that timeframe was unreasonable under the circumstances, thus compelling dismissal of his case as a matter of law. The state, for its part, does not dispute that the prosecution delay would be unreasonable if measured from the date of service of the citations. Instead, the state contends that defendant was not "charged with a crime" until the information was filed and that the delay in bringing defendant to trial afterward was therefore reasonable as a matter of law. Defendant does not argue that the post-information delay was unreasonable.[3] We agree with the parties' assessments of both periods of delay. Thus, the issue is whether the "period of time" to bring defendant to trial under ORS 135.747 began with the service of the citations or with the filing of the information.

---

[3] The state argues, and defendant does not dispute, that defendant consented to over five months of the nearly nine-month delay between the issuance of the information and the trial.

We conclude, under the facts of this case, that it began with the filing of the information.

We reach that conclusion based on the text of ORS 135.747, its statutory context, and the case law defining the starting point for the "period of time" under the statute. Beginning with the text, ORS 135.747 provides:

> "If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

Under the plain language of the statute, the "period of time" is measured from the time when a defendant is "charged with a crime" through the time when he or she is "brought to trial." *See State v. Johnson*, 339 Or 69, 92, 116 P3d 879 (2005) ("Presumably, [ORS 135.747] means that, once a defendant stands 'charged with a crime,' his or her trial must take place within a reasonable period of time."); *State v. Schneider*, 201 Or App 546, 551-52, 120 P3d 16 (2005), *adh'd to on recons*, 204 Or App 710, 131 P3d 842, *rev den*, 341 Or 392 (2006) (date of indictment rather than original citation identified as starting point for the "period of time" under ORS 135.747).

The history of ORS 135.747, in turn, suggests that "charged with a crime" requires the filing of an accusatory instrument. ORS 135.747 is a recodification of *former* ORS 134.120 (1959), *renumbered as* ORS 135.747 (1973). Prior to its amendment in 1973, *former* ORS 134.120 provided:

> "If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, is not brought to trial within a reasonable period of time, the court shall order the indictment to be dismissed."

The statute was interpreted to apply only to criminal proceedings initiated by indictment and not to proceedings initiated by information or complaint. *See State v. Dodson*, 226 Or 458, 360 P2d 782 (1961) (*former* ORS 134.120 inapplicable to district court proceedings commenced by complaint). To broaden the scope of the statute, it was amended in 1973 to change the references to "indicted

for a crime" to "charged with a crime" and "indictment" to "accusatory instrument." Or Laws 1973, ch 836, § 204. Thus, the likely legislative intent was to cover any prosecution where a defendant is "charged with a crime" by the filing of an "accusatory instrument" in the same manner as a defendant is "indicted for a crime" by the filing and return of an "indictment."

Moreover, the context of ORS 135.747 indicates that the statute does not regulate prosecutorial delay prior to the filing of an accusatory instrument. Delay prior to the time when a defendant is "charged with a crime" by an accusatory instrument is separately regulated by ORS 135.745, which provides that,

"[w]hen a person has been held to answer for a crime, if an indictment is not found against the person within 30 days or the district attorney does not file an information in circuit court within 30 days after the person is held to answer, the court shall order the prosecution to be dismissed, unless good cause to the contrary is shown."

As the Supreme Court explained in *State v. Emery*, 318 Or 460, 466-67, 869 P2d 859 (1994),

"ORS 135.745 is the statutory speedy trial provision that applies before an accusatory instrument is returned or filed, and ORS 135.747 is the provision that applies after the accusatory instrument is returned or filed. * * * Read together, ORS 135.745 and 135.747 provide guidelines for the trial court for dismissing cases that have been in the system too long without prosecutorial action. * * * Taken as a whole, the statutory speedy trial scheme provides a method for dismissing cases that are languishing in the criminal justice system without affecting the state's ability to reprosecute serious charges. ORS 135.745, 135.747, and 135.753(2) provide a 'housecleaning' mechanism triggered by the length of time that a particular case has been in the system, rather than by the effect of the delay on a particular defendant."

Accordingly, we have measured the statutory speedy trial interval from the time when an accusatory instrument is filed. We explained in *State v. Coulson*, 243 Or App 257, 268, 258 P3d 1253 (2011), that,

"[t]hus, \* \* \* the 'clock' for purposes of ORS 135.747 starts when a defendant is 'charged with a crime,' *e.g.,* when a defendant is indicted, *Johnson,* 339 Or at 92, or when a defendant is charged in another form of accusatory instrument, such as an information or complaint. *See, e.g., [State v.] Adams,* [339 Or 104, 106-07, 110 n 5, 116 P3d 898 (2005)] (beginning speedy trial calculation with issuance of complaint); *State v. Davis,* 236 Or App 99, 107-08, 237 P3d 835 (2010) (calculating delay for speedy trial purposes starting with date of the initial information). A citation, which may incorporate a complaint, *see, e.g.,* ORS 133.066(1), may also start the clock for speedy trial purposes in certain circumstances. *See State v. Peterson,* 183 Or App 571, 574, 53 P3d 455 (2002).

"Our cases further establish that, where multiple accusatory instruments are issued in the context of a criminal case, the clock for purposes of calculating the relevant period of delay in bringing a defendant to trial will 'start anew' whenever a new accusatory instrument is issued following the dismissal of an earlier accusatory instrument."

(Footnotes omitted.)

When a criminal proceeding starts with a criminal citation, a defendant is "charged with a crime" for purposes of ORS 135.747 when an accusatory instrument is filed—either a complaint that is filed as part of the citation or a separately filed complaint or information. The statutes regulating citations specify that the prosecution begins with the filing of *both* the citation and a complaint or information. Under ORS 133.065, when a criminal citation issues, "the peace officer shall serve one copy on the person arrested and shall, as soon as practicable, file a duplicate copy with the magistrate specified in ORS 133.055 along with proof of service." After a citation issues, if the person cited does not appear at the time and place specified in the citation, "and a complaint or information is filed," the magistrate must issue an arrest warrant. ORS 135.060(2). When a citation without a complaint issues, a "complaint or information may be filed with the court before or after the issuance." ORS 133.066(3). By virtue of ORS 133.068(5), a citation without a complaint must communicate "[w]hether a complaint or information had been filed with the court

at the time the citation was issued." The citation must also disclose that, if the defendant fails to appear and a complaint or information has been filed, the court will enter a warrant for the defendant's arrest. ORS 133.068(7); *see also* ORS 131.005(3) (definition of "complaint" noting that a "complaint serves * * * to commence an action"); ORS 131.005(4) (definition of "complainant's information" noting that it "serves to commence an action").[4]

Defendant argues that we determined in *State v. Anglin*, 227 Or App 325, 206 P3d 193, *rev den*, 346 Or 364 (2009), that the issuance of a citation alone commenced a prosecution under ORS 135.747. There, the defendant was cited for DUII and reckless driving on October 5, 1997. He was ordered to appear in court on October 22, 1997, and the district attorney issued and filed an information on that date. The defendant failed to appear, an arrest warrant issued, and the defendant ultimately turned himself in nine years later—moving to dismiss the charges on statute of limitations and speedy trial grounds. *Id.* at 327-28. After reviewing ORS 133.060 and other statutes contemplating a citation and later-filed information process, we concluded that the issuance of the citation and the filing of a related information were part of a single prosecution for speedy trial purposes. Thus, the defendant's failure to appear in connection with the citation process excused most of the pretrial delay under ORS 135.747. *Id.* at 328-34. *Anglin* does not undercut a conclusion that a defendant is "charged with a crime" under ORS 135.747 only when an accusatory instrument is filed with a court. *See Coulson*, 243 Or App at 272-73 (commencement of the relevant "period of time" under ORS 135.747 by filing of an indictment after a citation where no information or complaint was filed).

Thus, once a complaint or information is filed, the time begins to run to bring a defendant to trial under ORS 135.747. The relevant period of time continues until

---

[4] *Compare* ORS 131.135 (for purposes of statutes of limitations, a "prosecution is commenced when a warrant or other process is issued, provided that the warrant or other process is executed without unreasonable delay"). Despite the reference in some of our cases to ORS 131.135 as relevant to the commencement of the "period of time" under ORS 135.747, we eschewed any such relevance in *State v. Williams*, 232 Or App 303, 318 n 4, 222 P3d 31 (2009).

that defendant is brought to trial or until the accusatory instrument is dismissed. Following dismissal of the accusatory instrument, a new accusatory instrument can be filed, if permitted under ORS 135.753(2) and if timely under the applicable limitations period, and the statutory speedy trial period will "start anew." *Coulson*, 243 Or App at 268; *see also State v. Bayer*, 229 Or App 267, 278, 211 P3d 327, *rev den*, 347 Or 446 (2009) ("[W]hen the state dismisses one charging instrument but subsequently files another, the prosecution commences with the second charging instrument and, thus, serves as the starting point for calculating the relevant delay for purposes of ORS 135.747."); *State v. Purdom*, 218 Or App 514, 522-23, 180 P3d 150 (2008) (same).

On the other hand, if the accusatory instrument is amended and not dismissed, the "reasonable period of time" under ORS 135.747 is measured from the filing of the earlier, unamended accusatory instrument. *See Davis*, 236 Or App at 108 (date of initial information used for calculation of speedy trial period because there was "no dismissal of any information in this case; the same information was continued with very slight changes, and the rule in *Purdom* does not apply").

In the case at bar, there was never an information or indictment to replace an earlier-filed accusatory instrument. Instead, the citations—one with a criminal complaint and the other without—were never filed with the court as required by ORS 133.065. In fact, the district attorney "no-complainted" the DUII citation under ORS 133.069(2) by not filing the citation with the court. Thus, neither citation operated to initiate the prosecution or to file a complaint and charge defendant with a crime. Defendant remained uncharged until the information was filed with the court on September 16, 2009. The filing of that accusatory instrument marked the beginning point of the speedy trial calculation under ORS 135.747. Because the trial delay after that point was reasonable under ORS 135.747, the trial court did not err in denying defendant's motion to dismiss.

Affirmed.