Argued and submitted June 18, affirmed October 30, 2013

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

DENNIS HAROLD MERCIER,
*Defendant-Respondent.*

Polk County Circuit Court
09P50754; A149513

313 P3d 322

Karla H. Ferrall, Assistant Attorney General, argued the cause for appellant. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Jonah Morningstar, Deputy Public Defender, argued the cause for respondent. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

HADLOCK, J.

## HADLOCK, J.

Defendant was charged with driving under the influence of intoxicants (DUII), ORS 813.010, failure to carry or present a license, ORS 807.570, and refusal to take a breath test, ORS 813.095. Before trial, he moved to dismiss the district attorney's information, arguing that pretrial delay violated his right to a speedy trial as guaranteed both by Article I, section 10, of the Oregon Constitution and by ORS 135.747.[1] The trial court granted the motion and entered a judgment dismissing the case with prejudice, based on its determination that the pretrial delay had violated defendant's constitutional right to a speedy trial. The state appeals. We review for errors of law, *State v. Johnson*, 339 Or 69, 82-87, 116 P3d 879 (2005), and affirm.

The procedural facts pertinent to our analysis are undisputed. Defendant was charged with DUII and other crimes on August 20, 2009, following an arrest that occurred after a police officer saw him driving suspiciously as he left a parking lot. Trial was initially set for October 15 of that year. Following two pretrial conferences, the court cancelled the trial date because discovery was not complete. At a third pretrial conference, defendant informed the court that, based on the discovery he had received since the last conference, he would be filing a motion to suppress. Defendant filed his suppression motion on November 3, 2009, and a hearing was scheduled for November 17. However, the state then filed a motion to continue and hold the hearing in abeyance, pending the Oregon Supreme Court's decision in *State v. Machuca*, 347 Or 644, 227 P3d 729 (2010)[2] which would control the admissibility of the challenged evidence. The state's motion was granted, and the next pretrial conference was held on February 12, 2010, after *Machuca* issued.

---

[1] Article I, section 10, of the Oregon Constitution provides, "No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay[.]"

ORS 135.747 provides, "If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

[2] This court's decision in *State v. Machuca*, 231 Or App 232, 218 P3d 145 (2009), then was on review in the Supreme Court.

At that conference, the state told the court that the issues relating to defendant's motion to suppress had been resolved and the parties wanted to schedule a settlement conference.

An April 2010 settlement conference was unsuccessful, and a hearing on defendant's suppression motion was held on July 16. At the conclusion of that hearing, a fifth pretrial conference was scheduled for August 2. On July 20, the trial court denied defendant's suppression motion.

At the August 2, 2010, pretrial conference, defendant notified the court that he intended to change counsel, to which the court responded, "Well, you'd better do it quick, I'm going to assign this out for trial because this has been going on for way too long." Trial was scheduled for December 8, with another pretrial conference to be held on November 30. Defendant later notified the court that he had obtained new legal counsel. On November 29, defendant filed a motion to continue because his new attorney had an unavoidable scheduling conflict. A one-day trial was rescheduled for February 3, 2011, but, at an intervening pretrial conference, the parties requested a two-day trial instead. That required another set-over, and the trial was reset for May 2011. The day before trial was scheduled to begin, the state filed a motion to continue because it had discovered that its key witness would not be available. The prosecutor acknowledged that the mistake was hers, explaining, "It was not—frankly, not on my radar screen." The court granted the continuance, and trial was rescheduled to August 9 and 10, 2011.

On August 1, 2011, defendant filed a motion to dismiss, arguing that the pretrial delay had deprived him of his statutory and constitutional rights to a speedy trial. On August 9, after hearing from both parties, the trial court found that 21 months of delay were attributable either to the court or to the prosecutor, and that the delay was "pushing the statute of limitations really." The court compared the case to *State v. Adams*, 339 Or 104, 116 P3d 898 (2005), a statutory speedy-trial case decided by the Supreme Court:

> "*Adams*, which is 339 Or 104, it's a 2005 case, talks here about a misdemeanor case where the statute of limitations was 24 months and there [were] 23 months that were caused by the State, this was 21 months. So, we're talking a difference of two months. I think that's too long."

The court's in-court analysis appeared to focus on defendant's motion to dismiss on statutory grounds; the court did not express any views on whether defendant had been prejudiced by the delay—generally a necessary consideration in the constitutional analysis. *State v. Siegel*, 206 Or App 461, 466, 136 P3d 1214 (2006) (under Article I, section 10, a court considers the length of delay, reasons for the delay, *and* prejudice to defendant, except when the delay is not substantially greater than average, the delay is so manifestly excessive that it shocks the imagination and the conscience, or the state caused the delay purposely to impede the defense). In its written judgment, however, the court shifted focus, dismissing the case with prejudice and stating that "a 21 month delay due to actions of the State and the Court * * * violate[s] Defendant's right to a trial without delay, contrary to protections set forth under the Oregon State Constitution."

The state appeals, arguing that the trial court should not have dismissed the case on either constitutional or statutory speedy-trial grounds. Specifically, the state argues that (1) when calculated properly, the delay that defendant did not request or consent to was only 12 months, not 21 months; (2) under the circumstances, a 12-month delay was reasonable; and (3) the delay did not unconstitutionally prejudice defendant.

As noted above, defendant argued to the trial court that he was entitled to dismissal on both statutory and constitutional grounds; he renews both arguments on appeal. For its part, the state argues that dismissal was inappropriate under either ORS 135.747 or Article I, section 10. The order in which we address those arguments is explained in *State v. Bayer*, 229 Or App 267, 277, 211 P3d 327, *rev den*, 347 Or 446 (2009):

> "When a [party] raises speedy trial challenges on statutory and constitutional grounds, a court typically considers the constitutional challenge first because the remedy for a constitutional violation (dismissal with prejudice) is more complete than the remedy for a statutory violation (dismissal without prejudice). When the statute of limitations has run, however, the difference between those remedies has no practical effect. In those cases, it is appropriate to consider the statutory argument first."

(Internal citations omitted). Here, the statute of limitations has run on all charges brought against defendant.[3] Thus, we begin by addressing defendant's argument that he was entitled to dismissal under ORS 135.747.

The statute provides, "If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed." ORS 135.747. Determining whether a defendant is entitled to dismissal under that statute requires a two-step analysis: First, we determine the relevant amount of delay by subtracting from the total delay any periods of delay that the defendant requested or consented to; second, we determine whether that delay was reasonable. *State v. Glushko/ Little*, 351 Or 297, 305, 266 P3d 50 (2011) (citing *State v. Davids*, 339 Or 96, 100-01, 116 P3d 894 (2005)). For purposes of allocating delay, the question whether certain facts amount to a defendant's consent to a particular delay is reviewed as a matter of law. *State v. Doak*, 235 Or App 351, 356, 231 P3d 1181, *rev den*, 349 Or 171 (2010).

Generally, when determining the reasonableness of the delay, we consider the circumstances of each delay, including the reason for the delay and how that reason justifies the length of the delay. *State v. Bellah*, 242 Or App 73, 80, 252 P3d 357 (2011) (citing *State v. Andrews*, 226 Or App 503, 512, 204 P3d 140 (2009)). However, when the overall length of delay approaches the statute of limitations for the crime involved, the focus shifts away from whether the various individual delays are justifiable to whether the overall period of time is reasonable "*in toto.*" *Adams*, 339 Or at 111-12. The state did not argue the reasonableness of each individual delay to the trial court, so our consideration is limited to (1) the amount of delay attributable to the state, and (2) the reasonableness of that delay *in toto*. ORAP 5.45(4); *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (to preserve a claim of error for appeal, "a party must provide the trial

---

[3] DUII, ORS 813.010, and failure to carry or present a license, ORS 807.570, are misdemeanor offenses to which a two-year statute of limitations applies; refusal to take a breath test, ORS 813.095, is a traffic violation with a six-month limitations period. ORS 131.125(6)(b), (c).

court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted").

Here, defendant was charged on August 20, 2009, and the case was dismissed on August 9, 2011, resulting in an overall delay approaching 24 months. *State v. Murr*, 254 Or App 456, 464-65, 295 P3d 122, *rev den*, 353 Or 788 (2013) (the time period begins to run when the complaint or information is filed, and continues until the defendant is brought to trial or the accusatory instrument is dismissed). The state makes what amounts to a single argument on appeal, arguing that the trial court erred by attributing 21 months of that delay to the state and dismissing the case because that delay was "too long." Specifically, the state asserts that defendant requested or consented to 12 months of the 24-month total delay, and contends that the remaining 12 months of state-caused delay were reasonable under the circumstances.[4] Importantly, the state does not argue in the alternative that any state-attributed delay exceeding 12 months would be reasonable. That limitation on the state's argument is significant because, as explained below, we conclude that at least four months of delay that the state assigns to defendant actually are attributable to the state as a matter of law, making a total of at least 16 months of delay attributable to the state. Because the state does not argue that an overall delay of 16 months or more would be reasonable, we need not consider the remaining periods of delay and we do not reach the issue of reasonableness.

To resolve this case, we need only consider the time period from August 2, 2010 to November 30, 2010, which the state contends is attributable to defendant. At the August 2 pretrial hearing, defendant notified the trial court of his intent to hire a new attorney, to which the court responded,

---

[4] The state attributes five delays to defendant: October 15 to November 13, 2009, for motions "for additional time to obtain discovery and to prepare a motion to suppress" (29 days); February 12 to April 30, 2010, for a settlement conference (77 days); April 30 to June 15, 2010, and July 16 to August 2, 2010, for a suppression motion (63 days); August 2 to November 30, 2010, for a change of counsel (120 days); and November 30, 2010 to February 3, 2011, for a continuance (65 days).

"Well, you'd better do it quick, I'm going to assign this out for trial because this has been going on for way too long." Defendant stated that he had a particular attorney in mind but had not yet hired him, and the court asked defendant to "have him give a contact as soon as he's hired, or whoever you hire[.]" The court then concluded the hearing, assigning the case to a trial judge that same day. On August 6, the court scheduled a pretrial conference for November 30 and trial for December 8. Two weeks later, on August 20, defendant notified the court that a substitution of counsel had been made.

The state argues that the four-month period between the August 2 conference and the scheduled November 30 conference "may not have occurred, or may have been shorter, if defendant had not decided to change attorneys one year into the case." It also asserts that, "[g]iven that defendant had not yet secured the services of replacement counsel, it was reasonable for the court to have allowed four months before defendant's next appearance in court." However, the record does not support the state's contention that the four-month period of delay was caused or extended by defendant's decision to change counsel. The court did not wait for defendant to change counsel before setting the conference and trial dates, and nothing in the record suggests that the court chose later dates to give defendant time to make the substitution. Indeed, in deciding to dismiss the case, the trial court attributed that delay to the court, stating that "the reason these court dates were set out so long is because the court was only * * * utilizing two judges and we had at least a three judge docket * * *." The state has not explained why we should disregard that finding. Thus, we conclude that the court did not err when it attributed the 120-day delay from August 2 to November 30, 2010, to the state.

That conclusion is dispositive. Even assuming (without deciding) that the state is correct about the other disputed periods of delay, when the four-month delay from August 2 to November 30, 2010, is added to the 12 months of delay that the state concedes was properly assigned to the state, a total of at least 16 months of delay is attributable to the state. Because the state does not argue that a delay of 16 months was reasonable for purposes of the ORS 135.747

analysis, it has presented no reason for us to disturb the trial court's judgment dismissing the case.

Affirmed.